# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 05-603

**SUCCESSION OF SAMUEL MCKAY, JR.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 33,700
HONORABLE F. RAE DONALDSON SWENT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**BILLY HOWARD EZELL**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Marc T. Amy, Michael G. Sullivan, and Billy Howard Ezell, Judges.

**AFFIRMED.**

**Thomas Rockwell Willson**
**Attorney at Law**
**Post Office Drawer 1630**
**Alexandria, LA 71309**
**(318) 442-8658**
**Counsel for Intervenor/Appellee**
**Polly Dauzart**

**Jerry Lytel Lavespere, Jr.**
**Attorney at Law**
**1805 Jackson St.**
**Alexandria, LA 71301**
**(318) 443-9926**
**Counsel for Intervenor/Appellee**
**Lula Mae Shotlow**

**Kelvin G. Sanders**
**Attorney at Law**
**3504 Masonic Drive, Suite B**
**Alexandria, LA 71301**
**(318) 448-9003**
**Counsel for Intervenor/Appellant**
**Caldwell J. Burgess**

**William Alan Pesnell**
**The Pesnell Law Firm**
**P. O. Box 1794**
**Shreveport, LA 71166-1794**
**(318) 226-5577**
**Counsel for Plaintiff/Appellee**
**Roosevelt Matthew Bellman**

**Shannan L. Hicks**
**Jeansonne & Remondet**
**401 Market Street, Suite 1250**
**Shreveport, LA 71101**
**(318) 671-8102**
**Counsel for Intervenors/Appellees**
**Ronald Scott**
**Kassandra Scott Ward**

**Christopher Michael Sylvia**
**Faircloth, Vilar & Elliott, L.L.C.**
**P. O. Box 12730**
**Alexandria, LA 71315-2730**
**(318) 442-9533**
**Counsel for Secondary Intervenor/Appellant**
**Samuel Pierre Cooper**

**Samuel Pierre Cooper**
**In Proper Person**
**1807 Tullamore**
**Alexandria, LA 71301**
**Counsel for Secondary Intervenor/Appellant:**
**Samuel Pierre Cooper**

**EZELL, JUDGE**.

This is an appeal filed by both Caldwell J. Burgess and Samuel Pierre Cooper from a judgment granting exceptions of prescription, no cause of action, and no right of action filed against their petitions of intervention in the Succession of Samuel McKay, Jr. The trial court relied on La.Civ.Code art. 209 in granting the exceptions. However, while the appeals were pending, the Louisiana Legislature enacted Acts 2005, No. 192, § 1, which was effective June 29, 2005, and changed the law regarding the time period for bringing a paternity action.

## FACTS

On June 6, 2002, Samuel McKay, Jr., died. Thereafter, on June 12, 2002, Roosevelt Bellman filed a petition to be appointed provisional administrator of McKay's succession. In that petition Bellman declared that McKay had only one child, Samuel Pierre Cooper. Attached to the petition was a notarized verification by Cooper that he is the only heir of McKay. Also attached to the petition was an affidavit of death and heirship executed by Caldwell J. Burgess stating that McKay had only one child, Cooper. W. Brian Maillian executed a similar affidavit.

On April 15, 2003, Burgess filed a petition for intervention alleging that he was the child of McKay. Bellman, as the succession representative, filed exceptions of prescription and no cause/no right of action.

On September 11, 2003, Cooper also filed a petition for intervention. Cooper's intervention was also opposed by Bellman and other interested parties with exceptions of prescription and no cause/no right of action. Cooper filed an amending petition alleging that La.Civ.Code art. 209 was unconstitutional. Burgess also filed an amending petition on the same grounds.

1

A hearing on the exceptions and constitutional claims was held on September 7, 2004. Finding La.Civ.Code art. 209 applicable, regarding proof of filiation, the court sustained the exceptions and dismissed the petitions of intervention of both Cooper and Burgess. Both Cooper and Burgess appealed the judgment.

**LOUISIANA CIVIL CODE ARTICLE 209**

It is not disputed that neither Cooper nor Burgess were legitimate children nor had they been formally acknowledged or filiated by McKay. Section C of Article 209 provided for the time limits for proving filiation by a child not entitled to legitimate filiation nor filiated by the initiative of the parent by legitimation or by acknowledgment as follows:

> The proceeding required by this article must be brought within one year of the death of the alleged parent or within nineteen years of the child's birth, whichever first occurs. This time limitation shall run against all persons, including minors and interdicts. If the proceeding is not timely instituted, the child may not thereafter establish his filiation, except for the sole purpose of establishing the right to recover damages under Article 2315. A proceeding for that purpose may be brought within one year of the death of the alleged parent and may be cumulated with the action to recover damages.

At the time McKay filed his petition alleging to be an heir of McKay, he was fifty-four years old. Cooper was thirty-six years old when he filed his petition. Obviously, the two men were well beyond nineteen years old and their claims for filiation had long prescribed. Clearly their claims had prescribed under Article 209. Both Cooper and Burgess claim the trial court erred in finding that Article 209 is constitutional and granting the exceptions of prescription and no cause/no right of action.

The constitutionality of Article 209 was clearly resolved by the Louisiana Supreme Court in *Succession of Grice*, 462 So.2d 131 (La.1985), *appeal dismissed*, 473 U.S. 901, 105 S.Ct. 3517 (1985), which upheld the constitutionality of Article

2

209. Based on *Grice*, we agree with the trial court's ruling that Article 209 is constitutional and forecloses the constitutional attacks of Cooper and Burgess.

## APPLICATION OF LOUISIANA CIVIL CODE ARTICLE 197

In his brief to this court, Bellman, as the provisional administrator of McKay's succession, has brought the enactment of new La.Civ.Code art. 197 by 2005 La.Acts No. 192 § 1 to this court's attention. Article 197 was enacted after the trial court rendered its judgment. Cooper argues that the passage of Article 197 rectifies the iniquities of Article 209 and applies in this case.

Article 197 now provides:

> A child may institute an action to prove paternity even though he is presumed to be the child of another man. If the action is instituted after the death of the alleged father, a child shall prove paternity by clear and convincing evidence.
>
> For purposes of succession only, this action is subject to a peremptive period of one year. This peremptive period commences to run from the day of the death of the alleged father.

The enactment of Article 197 obviously changes the law in that a paternity action no longer has to be instituted within nineteen years of the child's birth or within one year from the parent's death, whichever occurred first. There is a time limit of one year from the parent's death for succession purposes. Now, regardless of age, the child has one year from his father's death to institute the action. *See* comments (e) and (f) to Article 197. The effective date of Act 192 was June 29, 2005.

> Where the law has changed during the pendency of a suit and retroactive application of the new law is permissible, the new law applies on appeal even though it requires reversal of a trial court judgment which was correct under the law in effect at the time it was rendered.

*Segura v. Frank*, 93-1271, p. 16 (La. 1/14/94), 630 So.2d 714, 725, *cert. denied*, 511 U.S. 1142, 114 S.Ct. 2165 (1994).

3

Bellman argues that Article 197 is unconstitutional because it disturbs vested rights, especially in a case such as the present one where prescription has accrued. Bellman argues that this is especially so in the case of peremption where the rights are actually destroyed by passage of the peremptive period, and the rights have vested in other persons.

When the unconstitutionality of a statute is specifically pled, the claim must be raised in a petition, exception, motion, or answer. *Reeder v. North*, 97-239 (La. 10/21/97), 701 So.2d 1291. The unconstitutionality of a statute cannot be raised in a memorandum, opposition, or brief, as those documents do not constitute pleadings. *Id*.; *See also Unwired Telecom Corp. v. Parish of Calcasieu*, 03-732 (La. 1/19/05), 903 So.2d 392. Therefore, we will not consider the issue of whether Article 197 is unconstitutional.

Since Cooper and Burgess's claims have already prescribed, the issue is whether the passage of Article 197 revived their prescribed claims. The supreme court addressed the issues of revival of prescribed claims by the legislature in *Chance v. American Honda Motor Co., Inc.*, 93-2582 (La. 4/11/94), 635 So.2d 177. Explaining the issue the supreme court stated:

> Although prescriptive statutes are generally procedural in nature, the revival of an already prescribed claim presents additional concerns. For while the defendant does not acquire anything during the running of the prescriptive period, once the time period has elapsed, the legislature grants the defendant the right to plead the exception of prescription in order to defeat the plaintiff's claim. La.Code Civ.P. arts. 927 & 934. Because the defendant acquires the right to plead the exception of prescription, a change in that right constitutes a substantive change in the law as applied the defendant. *See St. Paul Fire & Marine Ins. Co. v. Smith*, 609 So.2d 809, 817 (La.1992) ("Substantive laws either establish new rules, rights, and duties or change existing ones."); *Thomassie v. Savoie*, 581 So.2d 1031, 1034 (La.App. 1st Cir.1991) ("[I]f a statute which is remedial or procedural also has the effect of making a change in the substantive law, it must be construed to operate prospectively only."). Thus, were we to interpret the amendment at issue to allow the revival of prescribed causes of action, the substantive

4

rights of the defendant would be materially changed because he would be stripped of this acquired defense. Guided by the principles established in [La.Civ.Code] article 6[1], we require, at the very least, a clear and unequivocal expression of intent by the legislature for such an "extreme exercise of legislative power."

*Id*. at 178 (footnote omitted) (first alteration in original).

The issue of revival of a prescribed claim was once again addressed by the supreme court in *Cameron Parish School Board v. Acands, Inc.*, 96-895 (La. 1/14/97), 687 So.2d 84. In that case, the supreme court found that the enactment of La.R.S. 9:5644, relative to prescription of actions involving asbestos abatement, contained no "clear and unequivocal" expression by the legislature to revive claims that had already prescribed. Reviewing the language of the statute, the supreme court stated:

> First, the language used in the statute does not contain *any* reference to revival of prescribed claims. Moreover, the legislative history of this statute gives no indication of any intent on the part of the legislature that this statute should apply to revive causes of action which had already prescribed under the law existing prior to the statute's enactment.

*Id*. at 91.

The supreme court observed that "use by the legislature of the word or phrases 'action,' 'any action,' 'all actions,' and 'any and all actions' in these prescriptive statutes" was supportive of its determination that the legislature had not expressed a clear intent to revive an already-prescribed cause of action. *Id*.

Similarly, in the present case, 2005 La.Acts No. 192 § 3, provides that "[t]he provisions of this Act shall be applicable to all claims existing or actions pending on its effective date and all claims arising or actions filed on and after its effective date." We find no "clear and unequivocal" expression by the legislature that Article 197

---

[1] Louisiana Civil Code Article 6 provides that: "[I] in the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretative laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary."

revives filiation claims which have already prescribed. It is clear that the intent of the legislature was to ensure that the provisions of the Act applied to causes of action that had not prescribed but were existing or already in litigation on June 29, 2005, the effective date of the Act. We, therefore, find that Article 197 is not applicable to these already-prescribed claims.

With this finding, we additionally note that it would not be necessary to address any constitutional issues regarding Article 197 even if a proper pleading had been filed. *See Cameron Parish Sch. Bd.*, 687 So.2d 84.

For the reasons discussed in this opinion, the judgment of the trial court granting Defendants' exceptions of prescription and no cause/no right of action is affirmed. Costs of this appeal are to be shared equally between Samuel Cooper and Caldwell Burgess.

**AFFIRMED.**