# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 09-969

## IN RE:  SUCCESSION OF DONALD CLAY SMITH

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-EIGHTH JUDICIAL DISTRICT COURT
PARISH OF LASALLE, NO. 35,828
HONORABLE J. CHRISTOPHER PETERS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and James T. Genovese, Judges.

**Genovese, J., concurs in the result.**

AFFIRMED.

**Walter Evans Dorroh, Jr.**
**P. O. Box 1889**
**Jena, LA 71342**
**Telephone:  (318) 992-4107**
**COUNSEL FOR:**
    **Appellees- Angela Smith Appleby and Winnie Moore Smith**

**James L. Carroll**
**P. O. Box 1619**
**Columbia, LA 71418**
**Telephone:  (318) 649-9284**
**COUNSEL FOR:**
    **Appellant - Clayton Donnell Barnhill**

**THIBODEAUX, Chief Judge.**

Appellant, Clayton Donnell Barnhill, an alleged biological child of the deceased, Donald Clay Smith, claims that the trial court erred by sustaining Winnie Moore Smith and Angela Smith Appleby's exception of prescription. Barnhill maintains that the trial court erroneously interpreted the 2005 Civil Code amendment that governs filiation actions.[1] Reasoning that the amendment did not apply retroactively so as to revive expired and extinguished filiation claims, the trial court dismissed with prejudice Barnhill's petition to amend the judgment of possession in favor of Smith and Appleby. For the following reasons, we affirm.

## I.

## ISSUE

We shall consider whether the 2005 Civil Code amendment governing filiation actions allowed a child, born outside of marriage, to bring a filiation action in 2008 and thereby claim a portion of the intestate deceased's estate where (1) the child became twenty years of age in 1998, and (2) the deceased died in 2007.

## II.

## FACTS

Barnhill, born May 28, 1978, claims to be a biological child of the deceased and Eunice Cruse Barnhill. At the time of Barnhill's birth, the deceased was married to Winnie Moore Smith, and Eunice Cruse Barnhill was married to Johnny Barnhill. The deceased never acknowledged Barnhill as his child. Barnhill never attempted to filiate to the deceased until this suit.

After the deceased's death in 2007, his surviving spouse, Smith, and his surviving child born of this marriage, Angela Smith Appleby, filed a petition for

---

[1] 2005 La. Acts No. 192, vacating La.Civ.Code art. 209 and adding La.Civ.Code art. 197.

possession. The trial court issued a judgment of possession recognizing Smith as the surviving spouse in community of the deceased and granting her a legal usufruct over the undivided one-half interest of the deceased's and all of the community property. The trial court also recognized Appleby as the only heir of the deceased and placed her in possession as the owner of all the deceased's property, subject to her mother's usufruct.

Barnhill filed a petition to amend the judgment of possession and to establish paternity. Alleging that he is a biological son of the deceased, Barnhill requested disinterment of the deceased to collect his DNA for paternity testing. He further demanded, as a biological child of the deceased, ownership of a one-half interest in all of the deceased's property.

Smith and Appleby filed an exception of prescription and peremption. They asserted that at the time Barnhill passed the age of nineteen, he lost the right to filiate under the law in effect at that time. Thus, they alleged that because Barnhill could not establish paternity, he had no claim to the deceased's estate. Agreeing with Smith and Appleby, the trial court sustained their exception.

Barnhill appeals claiming that, based on the 2005 amendment to the Civil Code, the applicable peremptive period is one year from the day of the death of the alleged father, irrespective of the child's age. Barnhill argues this peremptive period applies because the deceased died after the amendment became effective.

III.

### STANDARD OF REVIEW

Appellate courts review for manifest error judgments on the exception of prescription. *Credeur v. Champion Homes of Boaz, Inc.*, 08-1096 (La.App. 3 Cir. 3/4/09), 6 So.3d 339, *writ denied*, 09-1099 (La. 9/4/09), 17 So.3d 965. On the other

hand, courts review statutory interpretations de novo because they present questions of law. *Stewart v. Estate of Stewart*, 07-333 (La.App. 3 Cir. 10/3/07), 966 So.2d 1241.

IV.

## LAW AND DISCUSSION

The now-vacated La.Civ.Code art. 209 required a child not entitled to legitimate filiation to institute filiation proceedings "within one year of the death of the alleged parent or within nineteen years of the child's birth, whichever first occurs." Our legislature substantively changed this law by the Filiation of Parents and Children Act, effective June 29, 2005, No. 192, 2005 La. Acts 1444. The legislature made changes expressed in that Act "applicable to *all claims existing or actions pending on its effective date* and all claims arising or actions filed on and after its effective date." 2005 La. Acts No. 192, § 3 (emphasis added).

The current law reads that "for purposes of succession only," the peremptive period for a child to "institute an action to prove paternity[,] even though he is presumed to be the child of another man[,]" is one year "from the day of the death of the alleged father." La.Civ.Code art. 197. Thus, under the prior law, the child's age was extremely important. The current law, on the other hand, requires the child to bring the suit within one year of the parent's death irrespective of the child's age. Because the alleged heir in this case reached the age of nineteen in 1997, at the time the now-vacated La.Civ.Code art. 209 was in effect, the question is whether the 2005 amendment applies retroactively to revive this already-perempted filiation action.

This and other Louisiana courts have already examined the 2005 amendment's effect. Thus, where the alleged father died prior to the amendment, but

3

the children's appeal was pending when the amendment became effective, this court rejected the amendment's applicability to the filiation actions of the alleged heirs who were well beyond nineteen years of age. *In re Succession of McKay*, 05-603 (La.App. 3 Cir. 2/1/06), 921 So.2d 1219, *writs denied*, 06-504, 06-631 (La. 6/2/06), 929 So.2d 1252, 1253. This court explained that although, generally, prescriptive statutes are procedural, once the prescriptive period elapses, a party acquires a right to plead the exception of prescription. *Id.* (quoting *Chance v. Am. Honda Motor Co., Inc.*, 93-2582 p. 2 (La. 4/11/94), 635 So.2d 177, 178). A change in the right to plead the exception is a substantive change in the law. *Id.* Because procedural statutes that also change substantive law must be construed to apply only prospectively, we required a clear and unequivocal expression of legislative intent for the statute to apply retroactively. *Id.* This court concluded the language in section 3 of the Filiation of Parents and Children Act that "[t]he provisions of this Act shall be applicable to all claims existing or actions pending on its effective date and all claims arising or actions filed on and after its effective date" expressed no such legislative intent. Deciding that the alleged heirs' claims for filiation prescribed when they reached nineteen years of age, this court held that the 2005 amendment did not revive their already-prescribed claims.

Although not a mandatory authority, our sister-jurisdiction has expressed a similar sentiment regarding the 2005 amendment's effect in *In re Succession of James*, 07-2509 (La.App. 1 Cir. 8/21/08), 994 So.2d 120, *writ denied*, 08-2302 (La. 12/12/08), 996 So.2d 1119. There, the alleged heir was born in 1966. The alleged heir filed a filiation action in 2007, within one year of her alleged father's death and after the 2005 amendment became effective. There, the court rejected the alleged heir's argument that because it was a succession proceeding, her claim was not a true

4

action for filiation but one to establish her heirship status: "the cause of action here is one to establish paternity or filiation; a prerequisite action necessary before Ms. Thibodeaux [the alleged biological daughter of the deceased] can qualify as an heir." *Id.* at 125. Moreover, the court held that the Filiation of Parents and Children Act's command to apply the amendment's changes to all claims existing or actions pending on its effective date "refers to existing or viable causes of action and does not denote a matter that has prescribed or been perempted." *Id.* at 125 (citing *Cameron Parish Sch. Bd. v. ACandS, Inc.*, 96-895 (La. 1/14/97), 687 So.2d 84). The court concluded that La.Civ.Code art. 209, in effect at the time the alleged heir reached nineteen years of age, extinguished her cause of action more than twenty years before she filed the suit.

Like the alleged heir in *In re Succession of James*, 994 So.2d 120, Barnhill strenuously attempts to convince this court that his right to inherit is independent from his right to filiate. Thus, Barnhill argues that because the right to inherit does not arise until the death of a parent, this court should allow him "to exercise a lawful previously non-existent right to inherit."

Certainly, a right to inherit and a right to filiate are different rights. Yet, Barnhill urges us to put the proverbial cart before the horse. As the *James* court correctly observed, in the case where the deceased is not an established parent, a filiation action is necessary *before* the alleged heir may assert the right to inherit. Thus, Barnhill does not have a "lawful previously non-existent right to inherit" until he proves his filiation to the deceased.

Here, Barnhill's right to bring a filiation action was extinguished and ceased to exist nineteen years after his birth. Once that occurred, Smith and Appleby acquired the right to plead the exception of prescription. Passage of the 2005

amendment brought a substantive change to a party's right to plead the exception. Contrary to Barnhill's assertions, the Filiation of Parents and Children Act's command to apply the amendment's changes to "all claims existing or actions pending on its effective date" did not clearly and unequivocally express the legislature's intent to apply the 2005 amendment retroactively so as to revive his claim. We reiterate this court's pronouncement in *In re Succession of McKay,* 921 So.2d 1219, and our sister jurisdiction's holding in *In re Succession of James,* 994 So.2d 120, that, based on the language in section 3 of the Filiation of Parents and Children Act, the amendment applies to viable causes of action and not to ones that have already been extinguished. Unlike the mythological phoenix, Barnhill's filiation claim cannot rise from the ashes. Therefore, we find the trial court did not manifestly err by sustaining Smith and Appleby's exception of prescription.

V.

### **CONCLUSION**

The trial court's dismissal of Clayton Donnell Barnhill's suit with prejudice is affirmed. Costs of this appeal are assessed to Clayton Donnell Barnhill.

**AFFIRMED.**