NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-1022 consolidated with 13-1023

WILLIE CLARK, ET UX.

VERSUS

JENNINGS POLICE DEPARTMENT, ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. C-781-11
HONORABLE C. STEVE GUNNELL, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JOHN D. SAUNDERS
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Jimmie C. Peters, Judges.

AFFIRMED.

Karl W. Bengtson
Bengtson Law Firm
P. O. Drawer 51147-1147
Lafayette, LA 70505-1147
(337) 291-9119
COUNSEL FOR PLAINTIFF/APPELLANT:
    Willie Clark
    Melinda Clark

**John F. Wilkes, III**
**Ray F. Lucas, III**
**Borne, Wilkes, etc.**
**P. O. Box 4305**
**Lafayette, LA 70502-4305**
**(337) 232-1604**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **City of Jennings**
    **Chief Todd D'Albor, City of Jennings**

**L. Frederick Schroeder  II**
**Craig E. French**
**Usry & Weeks**
**1615 Poydras, Suite 1250**
**New Orleans, LA 70112**
**(504) 592-4600**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Richard E. Edwards, Jr., Sheriff of Jefferson**
    **Davis Parish**

**SAUNDERS, Judge.**

Plaintiffs, Willie and Melinda Clark, appeal the grant of summary judgment in favor of Defendants, former Jefferson Davis Parish Sheriff Richard Edwards, Jr., the City of Jennings, and Chief Todd D'Albor in his official capacity as Chief of Police of the City of Jennings. For the reasons discussed herein, we affirm.

FACTS AND PROCEDURAL HISTORY

On November 19, 2010, Melinda Clark requested an order of protective custody from the Jefferson Davis Parish Coroner over her husband, Willie Clark, who suffers from mental illness. The coroner issued the order that morning. Mrs. Clark advised the Jefferson Davis Parish Sheriff's Office that Mr. Clark was at the Union Baptist Church in Jennings, Louisiana. The sheriff's office dispatched deputies to the church, who attempted to take Mr. Clark into protective custody.

Mr. Clark testified at his deposition that he was called out to the lobby of the church, where he encountered an officer. He shouted back into the church, at which point an officer from the sheriff's department "wrestled [him] down on the floor, choking [him]." Mr. Clark testified that an officer shackled his legs, and he kicked the officer; he also admitted to biting an officer on the arm. Plaintiffs acknowledge that Mr. Clark resisted being taken into custody. Mr. Clark testified, "I was fighting to keep from getting in that car," and that he hit officers with his hands during the struggle. When Mr. Clark refused to cooperate, the sheriff's office deputies called the Jennings City Police Department for assistance, and officers arrived at the church shortly thereafter. It is undisputed that a Jennings police officer used a Taser on Mr. Clark, and Defendants admit that Mr. Clark may have been kicked in the back while being put back in the patrol car after attempting to escape the car. After the altercation, the officers transported Willie Clark to Moss O. Regional Hospital pursuant to the order.

Plaintiffs filed suit against the City of Jennings, Chief Todd D'Albor in his official capacity as Chief of Police of the City of Jennings, the Jefferson Davis Parish Sheriff, as well as the individual Jennings police officers and Jefferson Davis Parish sheriff's deputies involved in the incident, whom Plaintiffs could not initially identify by name. Plaintiffs asserted causes of action under 42 U.S.C. § 1983, under the Louisiana Constitution, and under Louisiana tort law.

On July 18, 2012, the trial court granted a declinatory exception, dismissing the three individual officers from the suit because they were not timely served.

The City of Jennings and Chief D'albor filed a motion for summary judgment, moving to dismiss all of Plaintiffs' claims against them. The sheriff also filed a motion for summary judgment. Plaintiffs opposed summary judgment, arguing that material facts remained in dispute, specifically that the parties did not agree on a description of the officers' conduct.

The trial court granted summary judgment in favor of the City of Jennings and Chief D'Albor. In its written reasons for ruling, the trial court noted that the only claims for which the Plaintiffs provided opposition were under the theories of excessive force and vicarious liability. It stated that "municipal liability under federal civil rights law cannot be based on *respondeat superior*" and found that because Clark had not named any officers, the City of Jennings could not be held liable under vicarious liability. The trial court granted the motion for summary judgment in favor of the city and Chief D'Albor in regard to the Plaintiffs' federal claims. As to the Plaintiffs' state law claims, the trial court granted summary judgment with regards to the loss of constortium claim, as the Plaintiffs provided no opposition on that issue. Finally, the trial court also granted summary judgment as to the state law claims for damages under the theory of vicarious liability because Plaintiffs failed to name the individual officers on the scene whose

tortious behavior gave rise to this cause of action. The trial court signed a judgment on April 12, 2013, granting the motion for summary judgment and dismissing all of the Clarks' federal and state law claims against the City of Jennings and Chief D'albor in his official capacity.

The Clarks filed a motion for a new trial on April 23, 2013. After a hearing on the motion for a new trial as well as on Richard Edwards, Jr./Jefferson Davis Parish Sheriff's Office's motion for summary judgment, the trial court denied the Clarks' motion and granted the sheriff's office's motion for summary judgment, dismissing former Sheriff Richard Edwards, Jr. That judgment was signed on June 10, 2013. The trial court supplied reasoning from the bench, stating that it granted Sheriff Edwards' motion for summary judgment for the same reasons as its grant of summary judgment in favor of the city and chief of police.

The Clarks appealed all three decisions of the trial court. On October 8, 2013, this court granted a motion to consolidate the summary judgments of all remaining Defendants into the instant case.

## ASSIGNMENTS OF ERROR

On appeal, Plaintiffs assert the following assignments of error:

1. The Trial Court erred in concluding that La.R.S. 28:63D(1) immunizes law enforcement officers from damages for any method or means which they use to effect a detention, regardless of the reasonableness.

2. The Trial Court erred in concluding that it is necessary to name individual law enforcement officers in an action brought under State law against their employer for damages caused by their unreasonable conduct while in the course of the [sic] employment.

3. The Trial Court erred in concluding that the facts properly in evidence eliminated all issues in dispute and established that the law enforcement officers acted reasonably in effecting the detention of Willie Clark.

## LAW AND ANALYSIS

3

This court reviews summary judgments *de novo*. *Thibodeaux v. Lafayette Gen. Surgical Hosp. LLC*, 09-1523 (La.App. 3 Cir. 5/5/10), 38 So.3d 544. Summary judgment "is designed to secure the just, speedy, and inexpensive determination of every action[.]" La.Code Civ.P. art. 966(A)(2). "The procedure is favored and shall be construed to accomplish these ends." *Id.* A motion for summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B).

This court has stated, and the supreme court agreed, "[p]rovided that sufficient time for discovery has been allowed, we will assess the proof submitted by the parties in order to weed out meritless litigation, and to secure the just, speedy, and inexpensive determination of every action submitted for summary judgment." *Hardy v. Bowie*, 98-2821, pp. 5-6 (La. 9/8/99), 744 So. 2d 606, 610 (*quoting Hayes v. Autin*, 96-287, p. 7 (La. App. 3 Cir. 12/26/96), 685 So. 2d 691, 695, *writ denied*, 97-0281 (La. 3/14/97), 690 So. 2d 41).

The burden of proof for a summary judgment motion lies on the movant. However, as here, where the movant will not bear the burden of proof at trial, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim. La.Code Civ.P. art. 966(C)(2). Instead, the movant need only establish an absence of factual support for one or more elements essential to the adverse party's claim. *Id.* Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to meet his evidentiary burden of proof at trial, no genuine issue of material fact exists. *Id.*

Regarding Plaintiffs' claims under federal law, "[q]ualified or 'good faith' immunity is an affirmative defense that must be pleaded by a defendant official."

4

*Harlow v. Fitzgerald*, 457 U.S. 800, 815, 102 S.Ct. 2727, 2736 (1982). In the instant case, each remaining Defendant has asserted this affirmative defense. To assess qualified immunity, courts utilize a two-part analysis. First, courts must "determine whether the plaintiff has 'allege[d] the violation of a clearly established constitutional right.'" *Rankin v. Klevenhagen*, 5 F.3d 103, 105 (5th Cir. 1993) (*quoting Siegert v. Gilley*, 500 U.S. 226, 111 S.Ct. 1789, 1793 (1991)). If the first part is met, courts must then "decide if the defendant's conduct was objectively 'reasonable,' because "'[e]ven' if an official's conduct violates a constitutional right, he is entitled to qualified immunity if the conduct was objectively reasonable.'" *Id.* (*quoting Spann v. Rainey*, 987 F.2d 1110, 1114 (5th Cir.1993) (quoting *Salas v. Carpenter*, 980 F.2d 299, 310 (5th Cir. 1992)). In the context of summary judgment, as here, such a review is "'plenary' accepting the facts in the light most favorable to the nonmoving party.'" *Id* (*quoting Salas*, 980 F. 2d at 304). If a court finds that the officer's alleged conduct violated no constitutional right, the officer is entitled to qualified immunity and the court need not inquire further. *Chavez v. Martinez*, 538 U.S. 760, 766, 123 S.Ct. 1994, 2000 (2003).

Thus, to survive Defendants' motions for summary judgment, the Clarks' burden was to present facts, through affidavits, deposition testimony, or other means permissible under La.Code Civ.P. arts. 966 and 967, indicating that they would be able to satisfy their burden at trial of proving that the Defendants violated a constitutional right of Mr. Clark. If such a burden was not met, there was no genuine issue of material fact to overcome summary judgment. *See* La.Code Civ.P. art. 966(C)(2). Although Plaintiffs contend that material facts remained in dispute because the parties did not agree on a specific characterization of the nature of the officers' conduct, the parties do not dispute the conduct itself, nor do the parties dispute the sequence of events. On the contrary, the record clearly demonstrates

that Plaintiffs acknowledge that Mr. Clark physically attempted to resist arrest and did not cooperate with the officers, who were acting under a valid protective order, and that the officers, therefore, used additional force in order to execute the order. All remaining Defendants concede that the officers used a Taser on Mr. Clark and that the officers may have kicked him. Plaintiffs point to no genuine issue of material fact, and we see no such issue upon review of the record.

We need not determine whether the use of a Taser in order to gain control over a noncooperative subject of arrest by trained police officers is reasonable to carry out law enforcement officers' function and preserve their own safety. Our inquiry ends because Plaintiffs have failed to demonstrate that any constitutional right was violated. Well over a year passed between the filing date of the Plaintiff's complaint and the Defendants' motions for summary judgment, and the parties had conducted discovery, including depositions. The Plaintiffs had ample opportunity to assemble facts to support their claim that Mr. Clark's rights were violated such that statutory immunity should not apply, if such facts were to exist. However, the Plaintiffs have failed to allege facts sufficient to indicate there is a reasonable likelihood that any one of their claims could succeed at trial. Because of this, we need not reach the merits of Plaintiffs' assignments of error, nor of the trial court's reasoning in granting summary judgment.

Similarly, regarding Plaintiffs' claims under state law, La.R.S. 28:63(D)(1) states:

> Any apprehension or taking into protective custody and confinement made by law enforcement officers, pursuant to any authorized procedure provided in this Title, is hereby declared to be an administrative act relative to the functions of their office, as required by law, and for which act they are specifically granted personal immunity.

6

Plaintiffs submit in brief a short argument regarding the constitutionality of this statute. We need not address the merits of that argument because "[w]hen the unconstitutionality of a statute is specifically pled, the claim must be raised in a petition, exception, motion, or answer. The unconstitutionality of a statute cannot be raised in a memorandum, opposition, or brief, as those documents do not constitute pleadings." *In re Succ. of McKay*, 05-603, p. 4 (La. App. 3 Cir. 2/1/06), 921 So. 2d 1219, 1222 (internal citation omitted), *writs denied,* 06-504, 06-631 (La. 6/2/06), 929 So. 2d 1252, 1253.

Furthermore, La.R.S. 9:2798.1(B) provides:

> Liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties.

In their summary judgment motion, Defendants City and Chief D'albor argue that Plaintiffs did not sue and have failed to name the individual officers and, therefore, cannot make out a valid excessive force claim. Defendants fail to acknowledge in this argument that three individual officers were identified and dismissed from the suit by the trial court when it granted a declinatory exception in the officers' favor. However, we need not address whether there is merit to Defendants' argument regarding the individual officers and respondeat superior, given that statutory immunity applies in this case. Accordingly, we affirm the trial court's grants of summary judgment.

We find that Mr. Clark's allegations fail to state a violation of his constitutional rights and fail to demonstrate any reason the Defendants should not be immune from the Plaintiffs' state law claims under the above statutes. The Defendants are entitled to qualified immunity, and both summary judgments on appeal are affirmed.

We note that Defendant Richard Edwards, Jr. has filed a supplemental brief regarding recent amendments to La.Code Civ.P. art. 966. Because we affirm summary judgment dismissing Mr. Edwards, we need not reach a discussion of this issue.

Summary judgment is affirmed on the grounds of statutory immunity. All costs associated with this appeal are assessed to Plaintiffs Willie and Melinda Clark.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules-Courts of Appeal, Rule 2-16.3.