# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 17-860

### SUCCESSION OF

### WILLIAM DALTON PELT

**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 92,868
HONORABLE SCOTT WESTERCHIL, DISTRICT JUDGE

**********

## VAN H. KYZAR
## JUDGE

**********

Court composed of Phyllis M. Keaty, John E. Conery, and Van H. Kyzar, Judges.

**REVERSED AND REMANDED.**

B. Gene Taylor, III
Gold, Weems, Bruser, Sues & Rundell
2001 MacArthur Drive
P. O. Box 6118
Alexandria, LA 71307-6118
(318) 445-6471
COUNSEL FOR INTERVENOR/APPELLANT:
    Kristina Wright

Jodi C. Andrews
221 N. Washington Avenue
DeRidder, LA 70634
(337) 460-7987
COUNSEL FOR PETITIONERS/APPELLEES:
    Succession of William Dalton Pelt
    Billy Ray Pelt
    Rosemary Pelt Braun
    Charleston L. Pelt
    Charlene Faye Pelt O'Banion
    Gayle Dianne Pelt Wentzel
    James Douglas Pelt
    Barbara Lee Pelt Cooley
    Geraldine Pelt Governale

**KYZAR, Judge.**

Intervenor/Appellant, Kristina Wright (Kristina), appeals the granting of an exception of prescription dismissing her petition to establish filiation and her rights as a forced heir of her deceased alleged father, William Dalton Pelt. The Petitioners/Appellees are the brothers and sisters of the deceased through the Succession of William D. Pelt. For the reasons herein, we reverse and remand to the trial court for further proceedings.

## FACTS AND PROCEDURAL HISTORY

The facts of this matter are fully set forth in the record hereof and are essentially uncontested. William Dalton Pelt (decedent) died intestate on April 18, 2016, at his residence and domicile in Vernon Parish, Louisiana. In 2016, Billy Ray Pelt, Rosemary Pelt Braun, Charleston L. Pelt, Charlene Faye Pelt O'Banion, Gayle Dianne Pelt Wentzel, James Douglas Pelt, Barbara Lee Pelt Cooley, and Geraldine Pelt Governale (collectively referred to as "Appellees"), the brothers and sisters of the deceased, filed a petition to open the succession of their brother and to have Barbara Lee Pelt Cooley (Barbara) appointed as administratrix of the succession. They claim in the succession filings that the decedent was never married, that no children were born to or adopted by the decedent, nor was the decedent adopted by anyone. An order was signed by the trial court on May 12, 2016, appointing Barbara as the administratrix of the succession.

Thereafter, Kristina filed a petition to intervene in the succession, to establish her filiation to the deceased as her father, to recognize her rights to his estate, and to remove Barbara as administratrix. Kristina also filed a rule for paternity testing. The petition alleges that she was born on September 28, 1973, at Lake Charles Memorial Hospital in Lake Charles, Louisiana, to Milbra Sue O'Banion, her mother, while her mother was married to her legal father, Ben

O'Banion. Kristina asserts that her mother had an affair with the decedent while she was living in Louisiana and that she was conceived as a result of that relationship.

In response to the petition, Appellees filed an exception of prescription. A hearing on the exception was held on April 17, 2017, at the conclusion of which the trial court granted the exception, dismissing Kristina's petition at her costs. It is from this judgment that she now appeals.

Kristina asserts three assignments of error, as follows:

1. The trial court erred by not applying Article 197 as the law in effect on the date of decedent's death as required by the Louisiana law of successions, and further failing to recognize the legislative directive to apply Article 197 retroactively.

2. The trial court erred by failing to acknowledge the Louisiana Supreme Court's consistent holding that the language of the Filiation of Parents and Children Act evidences clear, plain, and unmistakable legislative intent that Article 197 be retroactively applied.

3. The trial court erred to the extent that the granting of the exception was incorrectly founded on the notion that retroactive application of Article 197 would revive a prescribed claim and/or disturb a right of collateral heirs to plead prescription, purportedly vested prior to the decedent's death and the existence of a succession.

## DISCUSSION

The standard of review on the appeal of the granting of an exception of prescription depends in part on whether evidence was introduced at the hearing in trial court.

The exception of prescription is governed by La.Code Civ.P. art. 927. The standard of review of a grant of an exception of prescription is determined by whether evidence was adduced at the hearing of the exception. If evidence was adduced, the standard of review is manifest error; if no evidence was adduced, the judgment is reviewed simply to determine whether the trial court's decision was legally correct. *Allain v. Tripple B Holding, LLC*, 13–673 (La.App. 3 Cir. 12/11/13), 128 So.3d 1278. The party pleading the exception of prescription bears the burden of proof unless it is apparent on the face

of the pleadings that the claim is prescribed, in which case the plaintiff must prove that it is not. *Id.*

*Arton v. Tedesco*, 14-1281, p. 3 (La.App. 3 Cir. 4/29/15), 176 So.3d 1125, 1128, *writ denied*, 15-1065 (La. 9/11/15), 176 So.3d 1043.

In addition, appellate review of an issue involving statutory interpretation in the trial court is de novo, as it presents questions of law. *Stewart v. Estate of Stewart*, 07-333 (La.App. 3 Cir. 10/3/07), 966 So.2d 1241.

This case turns on the interpretation and effect of the 2005 enactment of La.Civ.Code art. 197, and the repeal of the former article 209 dealing with the peremptive and prescriptive periods for the filing of filiation actions. Section C of former article 209 of the Louisiana Civil Code provided for the time limits for proving filiation by a child not entitled to legitimate filiation nor filiated by the initiative of the parent by legitimation or by acknowledgment, as follows:

> The proceeding required by this article must be brought within one year of the death of the alleged parent or within nineteen years of the child's birth, whichever first occurs. This time limitation shall run against all persons, including minors and interdicts. If the proceeding is not timely instituted, the child may not thereafter establish his filiation, except for the sole purpose of establishing the right to recover damages under Article 2315. A proceeding for that purpose may be brought within one year of the death of the alleged parent and may be cumulated with the action to recover damages.

The legislature changed the law with the enactment of the Filiation of Parents and Children Act, effective June 29, 2005, per 2005 La. Acts No. 192, § 1. The legislature expressed that the Act would be "applicable to *all claims existing or actions pending on its effective date* and *all claims arising or actions filed on and after its effective date.*" 2005 La. Acts No. 192, § 3 (emphasis added). Louisiana Civil Code Article 197, as enacted in 2005, now reads as follows:

> A child may institute an action to prove paternity even though he is presumed to be the child of another man. If the action is

3

instituted after the death of the alleged father, a child shall prove paternity by clear and convincing evidence.

For purposes of succession only, this action is subject to a peremptive period of one year. This peremptive period commences to run from the day of the death of the alleged father.

In the case before us, Kristina turned nineteen years of age well before the effective date of Act No. 192, and her alleged natural father died after the effective date of the act. The question becomes whether her rights to establish filiation were forever lost after she reached her nineteenth birthday as per the law then in existence, or whether now-existing La.Civ.Code art. 197 is to be applied as the law at the time of her alleged father's death, under which her claim would still be viable.

In *In re Succession of Smith*, 09-969 (La.App. 3 Cir. 2/3/10), 29 So.3d 723, *writ denied*, 10-0829 (La. 6/18/10), 38 So.3d 325, this court considered an identical factual situation. There, an alleged child of the deceased brought an action to establish his filiation to the deceased and to establish heirship rights. He turned nineteen years of age well before the deceased's death, and the deceased died after the enactment of La.Civ.Code art. 197. This court concluded that his rights to claim filiation had been perempted, and the statute was not to be retroactively applied.

> Here, Barnhill's right to bring a filiation action was extinguished and ceased to exist nineteen years after his birth. Once that occurred, Smith and Appleby acquired the right to plead the exception of prescription. Passage of the 2005 amendment brought a substantive change to a party's right to plead the exception. Contrary to Barnhill's assertions, the Filiation of Parents and Children Act's command to apply the amendment's changes to "all claims existing or actions pending on its effective date" did not clearly and unequivocally express the legislature's intent to apply the 2005 amendment retroactively so as to revive his claim. We reiterate this court's pronouncement in *In re Succession of McKay*, 921 So.2d 1219, and our sister jurisdiction's holding in *In re Succession of James*, 994 So.2d 120, that, based on the language in section 3 of the

4

Filiation of Parents and Children Act, the amendment applies to viable causes of action and not to ones that have already been extinguished. Unlike the mythological phoenix, Barnhill's filiation claim cannot rise from the ashes. Therefore, we find the trial court did not manifestly err by sustaining Smith and Appleby's exception of prescription.

*Id.* at 726.

Likewise, this court has held on other occasions that La.Civ.Code art. 197 does not have retroactive application to otherwise prescribed or perempted claims.

> Similarly, in the present case, 2005 La. Acts No. 192 § 3, provides that "[t]he provisions of this Act shall be applicable to all claims existing or actions pending on its effective date and all claims arising or actions filed on and after its effective date." We find no "clear and unequivocal" expression by the legislature that Article 197 revives filiation claims which have already prescribed. It is clear that the intent of the legislature was to ensure that the provisions of the Act applied to causes of action that had not prescribed but were existing or already in litigation on June 29, 2005, the effective date of the Act. We, therefore, find that Article 197 is not applicable to these already-prescribed claims.

*In re Succession of McKay,* 05-603, pp. 5-6 (La.App. 3 Cir. 2/1/06), 921 So.2d 1219, 1223, *writs denied,* 06-504, 06-631 (La. 6/2/06), 929 So.2d 1252, 1253.

In *In re Succession of James,* 07-2509 (La.App. 1 Cir. 8/21/08), 994 So.2d 120, *writ denied,* 08-2302 (La. 12/12/08), 996 So.2d 1119, the First Circuit considered the case involving a filiation action filed after the plaintiff had reached her nineteenth birthday while the former article 209 was in effect but where the alleged father died after the effective date of La.Civ.Code art. 197 in 2005. That court found that there is no retroactive application, based again upon the interpretation of the language "applicable to all claims existing or actions pending on its effective date and all claims arising or actions filed on and after its effective date" contained in the act.

> The legislature did not clearly and unequivocally express, in either the act, the new law, or revision comments, an intent to have new article LSA–C.C. art. 197 apply retroactively to revive the right, claim, or cause of action at issue here. In the absence of retroactive

5

application, article 209 controlled. *See Succession of Faget*, 2005-1434, 2005-1435 at p. 7, 938 So.2d at 1007. Thus, Ms. Thibodeaux's action was no longer pending or viable at the time of the filing of the petition to establish filiation, and the trial court was correct in dismissing the intervention.

*Id.* at 125-26.

However, this state's supreme court has explicitly found this same language did show an intent by the Louisiana Legislature that the act be applied retroactively. In *Mallard Bay Drilling, Inc. v. Kennedy*, 04-1089, p. 12 (La. 6/29/05), 914 So.2d 533, 543, the court discussed the retroactivity of an act containing language that it "shall be applicable to all claims existing or actions pending on its effective date and to all claims arising or actions filed on and after its effective date." In response to this, Louisiana's supreme court stated, "It is plainly the legislature's intent that this Act be applied both retroactively and prospectively." *Id.* Further, in *Morial v. Smith & Wesson Corp.*, 00-1132, p. 10 (La. 4/3/01), 785 So.2d 1, 10, *cert. denied*, 534 U.S. 951, 122 S.Ct. 346 (2001), the court again addressed the legislature's intent by the use of this specific language, stating:

> Act 291 contains a clear and unmistakable expression of legislative intent regarding its intended temporal effect. Section 2 of the Act states that its provisions "shall be applicable to all claims existing or actions pending on its effective date and all claims arising or actions filed on and after its effective date." By adopting this Section, the legislature has clearly indicated its intent that this Act be applied both retroactively and prospectively.

While it is clear that this, and other, Louisiana appellate courts have found that there is no legislative intent for the statute to be applied retroactively from the language present in 2005 La. Acts No. 192, § 3, identical language has been found to be a clear indicator of such intent by our supreme court. Such a discrepancy in our jurisprudence is far from ideal. Luckily, this court is not primarily required to

6

determine the retroactive applicability of La.Civ.Code art. 197, solely in relation to the aforementioned language. Rather after a thorough review of the relevant jurisprudence, we have found that in all of the cases cited above regarding the applicability of La.Civ.Code art. 197, the courts appear to have interpreted La.Civ.Code art. 197 without considering the implications of La.Civ.Code art. 870 (emphasis added), which states:

A. The ownership of things or property is acquired by succession either testate or intestate, by the effect of obligations, and by the operation of law.

B. **Testate and intestate succession rights**, including the right to claim as a forced heir, **are governed by the law in effect on the date of the decedent's death.**

The Louisiana Supreme Court has long held that the Louisiana Civil Code is "a general system of law promulgated by legislative authority, and effect must be given to all of its provisions as such. Its various articles form parts of a complete system and must be construed with reference to each other and harmonized with its general purpose." *Lowe v. Home Owners' Loan Corp.*, 199 La. 672, 684, 6 So.2d 726, 730 (1942). Louisiana Civil Code Article 197 was enacted and became effective in 2005, while La.Civ.Code art. 870(B) was amended and became effective on June 22, 2001. 2001 La. Acts No. 560, § 1. The provision found in Subsection B of La.Civ.Code art. 870, which clearly provides that the law in effect on the date of the decedent's death shall govern succession rights, was in effect when former article 209 was repealed and the legislature enacted La.Civ.Code art. 197. We note that the legislature is presumed to know of all existing laws when enacting new ones. *See State v. Johnson*, 03-2993 (La. 10/19/04), 884 So.2d 568.

The second circuit recently discussed the applicability and scope of La.Civ.Code art. 870(B) in *Succession of Younger*, 50,876 (La.App. 2 Cir.

7

9/28/16), 206 So.3d 1088, 1092, *writ denied*, 16-2202 (La. 1/25/17), 215 So.3d 685. Similar to the instant facts and those in the above referenced cases, *Younger* involved an alleged illegitimate child of the decedent who turned nineteen while former article 209 was in effect, but whose alleged father died after the enactment of La.Civ.Code art. 197. As in the case at hand, the alleged child's claim was dismissed by the trial court pursuant to exceptions of prescription and peremption. However in a split from the previous jurisprudence, the *Younger* court considered the applicability and retroactivity of La.Civ.Code art. 197 in conjunction with La.Civ.Code art. 870. It began by noting that the pertinent clause of La.Civ.Code art. 197 begins with the phrase, "for purposes of succession only." *Id.* at 1092. As that court found:

> This language is an unambiguous dictate by the legislature that puts the reader on notice that this specific clause only concerns the law of succession. Moreover, comment (e) to article 197 notes that the one year peremptive period remains in article 197 only "for the particular purpose of succession." Therefore, in considering the retroactivity of art. 197 in the context of a succession, we find La. C.C. art. 870 to be applicable.

*Id.*

We agree. It is clear that La.Civ.Code art. 870, as it currently appears, was in effect when the legislature enacted La.Civ.Code art. 197, and the legislature is presumed to have knowledge of its effects. *See Johnson*, 884 So.2d 568.

Regarding the scope and applicability of La.Civ.Code art. 870(B), we look to the legislature's intent, noting it specifically declared in 2001 La. Acts No. 560, § 3 that, "This Act is declared to be interpretative, curative, and procedural in nature and shall apply both prospectively and retroactively; however, this Act shall not apply to successions which have been judicially opened prior to the enactment of this Act." As the *Younger* court stated, regarding the effect of La.Civ.Code art.

8

870(B)'s directive that succession rights are governed by the law in effect on the date of the decedent's death and its relation to La.Civ.Code art. 197:

> Clearly, the legislature did not repeal former article 209 and enact article 197 in its place in a vacuum, isolated and meant to be interpreted and applied independently from the rest of the Civil Code. Instead, the legislature enacted article 197 in light of the laws governing successions; this conclusion is further supported by the legislature's language choice of "for the particular purpose of succession only," contained in the second clause of article 197. The effect of this language is that the second clause of article 197, which provides that a child not yet filiated has one year from death of the decedent to prove paternity, is triggered when a claim for filiation is filed in the context of a succession.

*Younger*, 206 So.3d at 1092. The court went on to find that the peremptive period of one year found in La.Civ.Code art. 197 only concerns the laws of succession, and as such, is governed by the law in effect at the time of the decedent's death pursuant to La.Civ.Code art. 870(B). In so finding, that court also analyzed the intent of the legislature when repealing former article 209 and enacting La.Civ.Code art. 197 in its place.

The former article 209 contained a peremptive period which required a child who was not filiated to establish paternity within nineteen years of birth or within one year from the death of the alleged biological father, whichever came first. *See Succession of Grice*, 462 So.2d 131 (La.), *appeal dism'd*, 473 U.S. 901, 105 S.Ct. 3517 (1985). It is undisputed that Kristina turned nineteen years old well before the repeal of former article 209. However, the current La.Civ.Code art. 197 contains no such peremptive period except for the purposes of succession, completely abolishing the requirement that a child must prove filiation within nineteen years of birth. La.Civ.Code art. 197. As the second circuit did in *Younger*, we look to the comments under La.Civ.Code art. 197 (emphasis added) to examine the legislature's intent in making this amendment, which state:

9

(e) . . . Prior law required that a paternity action under former Civil Code Article 209 (rev. 1984) be instituted within nineteen years of the child's birth or within one year from the alleged parent's death, whichever first occurred. If the action was not timely instituted, the child could not thereafter establish his filiation for any purpose, except to recover damages under Civil Code Article 2315. **That was a harsh result not justified by any policy consideration.** For the particular purpose of succession, on the other hand, there is a time limit on instituting the action-to facilitate the orderly disposition of estates and the stability of land titles.

Based upon the foregoing, it is clear that the replacement of former article 209 with La.Civ.Code art. 197 by the Louisiana Legislature was based on equity and policy considerations. As such, it appears disingenuous that the legislature would intend to continue to enforce a rule that leads to a "harsh result not justified by any policy consideration" after the enactment of La.Civ.Code art. 197, based solely upon the illegitimate child's age at the time the statute was amended. This is especially pertinent considering La.Civ.Code art. 197 explicitly does away with the requirement that a filiation action be brought before the child reaches a certain age. When read in conjunction with La.Civ.Code art. 870(B), as required by La.Civ.Code art. 197's specific "[f]or purposes of succession only" language, however, it appears clear that this was not the legislature's intent.

Appellees urge, based upon Louisiana jurisprudence, that they acquired a vested right, the right to claim peremption, when Kristina reached nineteen years of age. Once a party acquires the right to plead prescription, a statute cannot apply retroactively to revive a prescribed cause of action, absent clear language of the legislature as to the retroactive application of the statute. *Chance v. Am. Honda Motor Co., Inc.*, 93-2582 (La. 4/11/94), 635 So.2d 177. This court has explained that generally prescriptive statutes are procedural, but as a party acquires a right to plead the exception of prescription, a change in this right to plead the exception is a substantive change in the law. *McKay*, 921 So.2d 1219. Because procedural

10

statutes that also change substantive law must be construed to apply prospectively only, a clear and unequivocal expression of legislative intent is required for the statute to apply retroactively. *Id.* As this court and other Louisiana appellate circuits have found that the language of the Filiation of Parents and Children Act expressed no such legislative intent, they have declined to apply La.Civ.Code art. 197 retroactively. *Id.* While other courts, including our supreme court, have found that identical language to that contained in the Filiation of Parents and Children Act did express such a legislative intent, as discussed above, it is clear that "even where the legislature has expressed its intent to give a law retroactive effect, that law may not be applied retroactively if it would impair contractual obligations or disturb vested rights." *Morial*, 785 So.2d at 10.

Based upon such, this court ruled explicitly in *Smith*, 29 So.3d 723, that an illegitimate child's right to bring a filiation action was extinguished and ceased to exist nineteen years after birth. We went on to state that once that occurred, the decedent's surviving spouse and child acquired the right to plead the exception of prescription, apparently regardless of whether the alleged father was living or not. *Id.* at 726. However, this interpretation, while based upon sound legal reason, raises many troubling issues.

If the right to plead prescription vested in an alleged father's heirs when an illegitimate child turned nineteen under former article 209 of the Louisiana Civil Code, the heirs would be able to plead prescription in a filiation action even if the alleged father was still alive and chose not to do so. They cannot. "Under Louisiana law, a cause of action accrues when a party has the right to sue." *Bourgeois v. A.P. Green Indus., Inc.*, 00-1528, p. 10 (La. 4/3/01), 783 So.2d 1251, 1259.

11

> A "vested right" is "that case when the right to enjoyment, present or prospective, has become the property of some particular person or persons as a present interest. The right must be **absolute**, **complete and unconditional**, independent of a contingency, and a mere expectancy of future benefit . . . . does not constitute a vested right."

*W.R.M. v. H.C.V.*, 06-702, pp. 6-7 (La. 3/9/07), 951 So.2d 172, 175-76 (Johnson, J., concurring), (quoting *Sawicki v. K/S Stavanger Prince*, 01-528, p. 10 (La. 12/7/01), 802 So.2d 598, 604).

It is clear that the decedent, Kristina's alleged father, acquired the vested right to plead the exception of prescription upon her nineteenth birthday under former article 209, which was in effect when Kristina turned nineteen. "For while the defendant does not acquire anything during the running of the prescriptive period, once the time period has elapsed, the legislature grants the defendant the right to plead the exception of prescription in order to defeat the plaintiff[']s claim. La.Code Civ.P. arts. 927 & 934." *James*, 994 So.2d at 123 (quoting *Chance*, 635 So.2d at 177-78). However, the same cannot be said of Appellees, who did not have any interest in Kristina's filiation action or, indeed, any interest in the succession until the decedent's death, and then only in their capacity as his potential heirs. "Succession occurs at the death of a person." La.Civ.Code art. 934. A succession cannot exist before the death of the deceased, and, therefore, a potential heir cannot have a right or vested claim before that time.

Kristina did not attempt to filiate while the decedent was still alive, and as such, no one can know if the decedent would have asserted his sole right to claim prescription. Kristina's action against her alleged father's succession could not have existed until after his death. Similarly, Appellees, the decedent's siblings, could not have known they would be his heirs until his death. At any time previous to that, the decedent could have written a last will and testament and

12

named new heirs. At no time previous could Appellees have asserted an exception of prescription in Kristina's filiation action. It is clear that Appellees did not have a "vested right" as defined by Louisiana law. *See W.R.M.*, 951 So.2d 172.

While we are mindful of the conflicting jurisprudence regarding the current issue, we find that of those courts that ruled La.Civ.Code art. 197 did not apply retroactively, none considered the article in light of and in conjunction with the law governing succession as required by La.Civ.Code art. 870. The Louisiana Legislature, under both former article 209 and current La.Civ.Code art. 197, set a separate time period for bringing filiation actions based upon succession proceedings. The language, "For purposes of succession only" shows clear intent that a succession proceeding is governed by its own rules, even in filiation actions. As such, we find that La.Civ.Code art. 197 cannot be read without La.Civ.Code art. 870(B)'s directive that "succession rights . . . are governed by the law in effect on the date of the decedent's death." Therefore, all filiation actions raised pursuant to a succession proceeding brought after the legislature passed 2005 La. Acts No. 192, § 1, must be governed by the provisions of La.Civ.Code art. 197 per La.Civ.Code art. 870(B). Accordingly, we find that the second clause of La.Civ.Code art. 197 allows a child not yet filiated, who was born and turned nineteen while the repealed former article 209 was still in effect, to bring an action to be recognized as an heir in a succession proceeding within one year of the death of the alleged father.

As the decedent died on April 18, 2016, well after the enactment of La.Civ.Code art. 197, and Kristina brought her action within one year of his death, her claim to establish filiation is not perempted under Louisiana law.

13

## DISPOSITION

For the reasons set forth herein, we find that Kristina Wright's action was timely and not barred by prescription or peremption. Therefore, we reverse the ruling of the trial court granting Appellees' exception of prescription and dismissing Kristina Wright's claim and remand this matter to the trial court for further proceedings consistent herewith. The costs of this appeal are assessed against Appellees, Billy Ray Pelt, Rosemary Pelt Braun, Charleston L. Pelt, Charlene Faye Pelt O'Banion, Gayle Dianne Pelt Wentzel, James Douglas Pelt, Barbara Lee Pelt Cooley, and Geraldine Pelt Governale.

**REVERSED AND REMANDED.**

14