CHARLES C. HOPKINS, Respondent, *v.* LINCOLN TRUST COMPANY, Appellant.

**Limitation of actions — fraud — statute providing that action for fraud shall not be deemed accrued until discovery of fraud does not revive extinguished rights — where rights are accrued but not extinguished, period of limitation extended.**

1. Chapter 480 of the Laws of 1920, amending subdivision 5 of section 382 of the Code of Civil Procedure, so as to provide that in any action to procure a judgment on the ground of fraud the cause of action shall not be " deemed to have accrued, until the discovery, by the plaintiff, or the person under whom he claims, of the facts constituting the fraud," does not revive extinguished rights. An action, therefore, to recover damages for fraud, commenced in 1920, the plaintiff alleging that he did not discover the fraud until 1919, is barred by the Statute of Limitations, where the complaint shows that the wrong was done and cause of action accrued in 1912.

2. Application of the statute to rights accrued but not extinguished is not denied. The period of limitation, though it has begun to run, will be extended. (*Matter of Berkovitz* v. *Arbib & Houlberg*, 230 N. Y. 261, 270, cited.)

*Hopkins* v. *Lincoln Trust Co.*, 199 App. Div. 909, reversed.

(Submitted March 1, 1922; decided April 18, 1922.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered October 19, 1921, which affirmed an order of Special Term denying a motion by defendant for judgment on the pleadings. The following questions were certified: " 1. Did the legislature have the constitutional power to make the amendments to section 382

of the Code of Civil Procedure, paragraph 5 (Laws of 1920, chapter 480), retroactive in its effect so as to resurrect and revive a cause of action which had already been barred by the statute as it theretofore existed? 2. Is this cause of action barred by the Statute of Limitations? "

*Middleton S. Borland* and *Percy F. Griffin* for appellant. The legislature did not intend to make the amendment retroactive so as to revive causes of actions already barred. (*Sayre* v. *Wisner,* 8 Wend. 661; *People* v. *Columbia Co.,* 10 Wend. 363; *Wright* v. *Oakley,* 5 Metc. [Mass.] 400; *Goilottel* v. *Mayor, etc.,* 87 N. Y. 441.)

*Nelson E. Spencer* for respondent. The general rule is in this state that a statute of limitation is presumptively applicable to all actions thereafter brought unless there is something in the statute itself which expressly reserves particular actions. (Code Civ. Pro. § 3352; *Lazarus* v. *Metr. E. R. Co.,* 145 N. Y. 181; *Sackheim* v. *Pigueron,* 215 N. Y. 62; *Peace* v. *Wilson,* 186 N. Y. 403; *Laird* v. *Carton,* 196 N. Y. 169; *Matter of Davis,* 149 N. Y. 539; *People* v. *Qualey,* 210 N. Y. 202.)

CARDOZO, J. The plaintiff sues at law to recover damages for fraud. The wrong was done on August 20, 1912, and a cause of action then accrued. The remedy was barred by limitation six years thereafter, on August 20, 1918 (*Miller* v. *Wood,* 116 N. Y. 351). Two years later, the law was changed. As amended in 1920, the statute says that in " any action to procure a judgment on the ground of fraud," the cause of action shall not be " deemed to have accrued, until the discovery, by the plaintiff, or the person under whom he claims, of the facts constituting the fraud " (Code Civil Procedure, sec. 382, subd. 5, as amended by L. 1920, ch. 480, in effect, Sept. 1, 1920). That was formerly the rule where the action

was brought " to procure a judgment, other than for a sum of money, on the ground of fraud," in a case which on the 31st day of December, 1846, was cognizable by a court of chancery (*Carr* v. *Thompson*, 87 N. Y. 160; *Lightfoot* v. *Davis*, 198 N. Y. 261). The amendment establishes the same rule of limitation in any case of fraud, whether the remedy is equitable or legal. The plaintiff began this action on September 1, 1920. The allegation is that he did not discover the fraud till May 1, 1919. The question is whether he is in time.

We find no token of a purpose to apply the statute by relation to rights already barred (*Matter of Berkovitz* v. *Arbib & Houlberg*, 230 N. Y. 261, 270; *Jacobus* v. *Colgate*, 217 N. Y. 235). The power thus to revive has been upheld in some jurisdictions (*Campbell* v. *Holt*, 115 U. S. 620). In others, it has been denied or doubted (*Board of Education* v. *Blodgett*, 155 Ill. 448; *Eingartner* v. *Illinois Steel Co.*, 103 Wis. 373, 380; *Danforth* v. *Groton Water Co.*, 178 Mass. 472, 476, 478; *Dunbar* v. *Boston & P. R. R. Co.*, 181 Mass. 383, 386). In our own state there are conflicting dicta (*Hulbert* v. *Clark*, 128 N. Y. 295; *House* v. *Carr*, 185 N. Y. 453; contra, *Germania Savings Bank* v. *Village of Suspension Bridge*, 159 N. Y. 362, 368). A decision of the case before us does not compel a choice between them. Revival is an extreme exercise of legislative power. The will to work it is not deduced from words of doubtful meaning. Uncertainties are resolved against consequences so drastic. Reading this amendment in the light of related sections, we find, not the disclosure, but the disclaimer of a purpose to restore what has been lost.

The amendment is part of chapter IV of the Code of Civil Procedure, which states the rules of limitation. Section 414, defining the application of the chapter, excludes " a case where the time to commence an action has expired when this act takes effect " (sec. 414, subd. 4). The new Civil Practice Act contains a like exception (sec. 10, subd. 2). The Revised Statutes and the old

Code of Procedure went farther, and excepted not only rights extinguished, but also rights accrued (R. S. part III, ch. 4, tit. 2, sec. 45; Code of Procedure, sec. 73). We held, construing the Code of Procedure, that retroactive force being denied to the original enactment, was denied also to an amendment (*Goillotel* v. *Mayor, etc., of N. Y.*, 87 N. Y. 441). We think amendment has remained equivalent to enactment under the codes of practice that have followed. The act takes effect when its amendment takes effect, for this purpose, if not for others.

We hold, therefore, that chapter 480 of the Laws of 1920 does not revive extinguished rights. In thus holding, we do not deny its application to rights accrued, but not extinguished (*Matter of Berkovitz* v. *Arbib & Houlberg, supra*, at p. 270). The period of limitation, though it has begun to run, will be extended. The exception is confined to cases where the period has expired.

The order of the Appellate Division and that of the Special Term should be reversed, and the complaint dismissed, with costs in all courts; the first question certified is not answered, and the second question is answered " Yes."

HISCOCK, Ch. J., HOGAN, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Orders reversed, etc.