635 So.2d 177 (1994)
Danny H. CHANCE and Earlene Chance, Individually and as the Administrators of the Estate of Their Minor Child, Crystal Michelle Chance
v.
AMERICAN HONDA MOTOR COMPANY, INC., Honda Motor Company, Ltd., and Floyd Michael Cole.
No. 93-CC-2582.
Supreme Court of Louisiana.
April 11, 1994.
Karl J. Koch, Lewis O. Unglesby, Stephen R. Edwards, Unglesby & Koch, Baton Rouge, for applicant.
Lawrence J. Duplass, Bernard J. Williams, Gary M. Zwain, Metairie, for respondent.
Coleman J. Dupre, Jeanne Dupre, LA Ass'n Defense Counsel, Product Liability Advisory Council, W.R. Grace & Co-Connection, for amicus curiae.
MARCUS, Justice[*].
On October 25, 1987, Crystal Chance, then eleven years old, was injured while riding a three-wheeled all terrain vehicle manufactured by American Honda Motor Company, *178 Inc. and Honda North American, Inc. (Honda). Plaintiffs filed this products liability action on December 17, 1992. Honda filed an exception of prescription, which the trial court denied relying upon a 1992 amendment to Louisiana Civil Code article 3492 which suspends the running of prescription against permanently disabled minors in products liability actions.[1] Honda applied to the court of appeal for writs under its supervisory jurisdiction. The court granted the application and found that the trial court erred in denying Honda's exception of prescription. The court found that in the absence of clear legislative intent, the 1992 amendment could not apply retroactively to revive plaintiffs' cause of action and determined that no such intent was present in the amended article.[2] Upon plaintiffs' application to this court, we granted certiorari to review the correctness of that decision.[3]
The issue presented for our determination is whether the legislature intended the amendment to Louisiana Civil Code article 3492 to revive prescribed causes of action.
Louisiana Civil Code article 6 provides the framework from which statutes are to be interpreted:
In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretive laws apply both prospectively and retroactively, unless there is legislative expression to the contrary.
Further, this court has held that prescriptive periods relate to the remedy and are therefore treated as procedural laws and applied retroactively. Lott v. Haley, 370 So.2d 521, 523 (La.1979). Under this well established principle of statutory interpretation, the 1992 amendment to article 3492 applies to causes of action that arose prior to the date of the amendment for which the one year prescriptive period had not yet accrued.
The matter before us presents a different question: does the retroactive application referred to in article 6 extend to revive previously time barred causes of action. Although prescriptive statutes are generally procedural in nature, the revival of an already prescribed claim presents additional concerns. For while the defendant does not acquire anything during the running of the prescriptive period, once the time period has elapsed, the legislature grants the defendant the right to plead the exception of prescription in order to defeat the plaintiff's claim. La.Code Civ.P. arts. 927 & 934. Because the defendant acquires the right to plead the exception of prescription, a change in that right constitutes a substantive change in the law as applied to the defendant. See St. Paul Fire & Marine Ins. Co. v. Smith, 609 So.2d 809, 817 (La.1992) ("Substantive laws either establish new rules, rights, and duties or change existing ones."); Thomassie v. Savoie, 581 So.2d 1031, 1034 (La.App. 1st Cir. 1991) ("[I]f a statute which is remedial or procedural also has the effect of making a change in the substantive law, it must be construed to operate prospectively only."). Thus, were we to interpret the amendment at issue to allow the revival of prescribed causes of action, the substantive rights of the defendant would be materially changed because he would be stripped of this acquired defense. Guided by the principles established in article 6, we require, at the very least, a clear and unequivocal expression of intent by the legislature for such an "extreme exercise of legislative power."[4]
Act 621 of 1992 added the following sentence to Louisiana Civil Code article 3492:
[The one year liberative prescription] does not run against minors or interdicts in actions involving permanent disability and brought pursuant to the Louisiana Products Liability Act or state law governing product liability actions in effect at the time of the injury or damage. *179 We do not believe this amendment contains a clear expression of legislative intent to revive prescribed claims. The language used does not contain any reference to retroactive application, much less revival of prescribed claims. Plaintiffs argue that the phrase "state law governing product liability actions in effect at the time of the injury or damage" could only be a reference to actions arising prior to the adoption of the 1988 Products Liability Act, all of which had prescribed prior to the 1992 amendment. Thus, they contend, the legislature has signified its intent to have the amendment revive prescribed claims. Contrary to plaintiffs' assertion, we interpret the language of the amendment to be an attempt to prevent the nullification of the article in the event of a future change in the products liability law. The phrase could also refer to situations where an action arose under the law prior to 1988, but remained viable because the running of prescription was either suspended or interrupted. In addition, the legislature's use of present tense further belies plaintiffs' contention that the legislature intended retrospective application. Finally, the legislature is fully capable of expressing its intent clearly as evidenced by the explicit language used in other statutes to specify retroactive application.[5] Thus, we find no expression of legislative intent to revive prescribed claims. At best, the amendment is ambiguous. Accordingly, we decline to apply the statute retroactively to revive an already prescribed cause of action. The court of appeal correctly sustained the exception of prescription.[6]

DECREE
For the reasons assigned, the judgment of the court of appeal is affirmed.
HALL, J., concurs and assigns reasons.
CALOGERO, C.J., concurs for reasons assigned by HALL, J.
WATSON, J., dissents.
LEMMON, J., dissents and assigns reasons.
HALL, Justice, concurring.
I concur in the result reached by the majority opinion; however, I do not completely agree with the reasoning articulated to reach that result. Particularly, I disagree with the majority's finding that it is unnecessary to reach the vested rights issue in order to decide this case.
We articulated the framework for deciding under LSA-C.C. Art. 6 whether an amendment should be given retroactive or prospective effect in Cole v. Celotex Corp., 599 So.2d 1058 (La.1992). There, we noted that the inquiry is two-fold. First, the presence or absence of a clear expression of legislative intent must be ascertained. Second, when, as here, there is no clear legislative expression, the amendment must be classified as substantive, procedural or interpretive.
The majority opinion correctly states the settled jurisprudential rule that prescriptive statutes are procedural and thus generally retroactively applied. Yet, the majority then implies that because the retroactive application of the instant amendment would deprive certain defendants of their right to plead the peremptory exception of prescription, the amendment in question must be reclassified as substantive. I respectfully disagree with this step in the majority's line of reasoning. Indeed, it is at this step that the vested rights issue squarely presents itself, requiring resolution in this case.
*180 The amendment at issue is to a prescriptive statute and is thus a procedural one, despite that applying it retroactively may upset vested rights. Louisiana courts have consistently dealt with the latter problem by applying a well-settled exception to the general rule that amendments to procedural laws are retroactively applied; under that exception, even amendments to procedural laws are not retroactively applied if doing so would unconstitutionally disturb vested rights. Lott v. Haley, 370 So.2d 521, 523 (La.1979). The question thus becomes whether a defendant's right to assert the peremptory exception of prescription is a vested right. Hall v. Hall, 516 So.2d 119 (La.1987), answers this question in the affirmative. See also Bouterie v. Crane, 616 So.2d 657, 664 n. 15 (La.1993). That result is consistent with the civilian teachings that the effect of the running of prescription is to extinguish the underlying obligation. 2 M. Planiol, Treatise on the Civil Law § 690 (La.State Law Inst.Trans.1959); see also Bouterie, supra; Louisiana Health Service and Indem. Co. v. McNamara, 561 So.2d 712, 718 (La.1990) (stating that obligor's patrimony is increased when the claim prescribes and that "[obligor's] right to plead prescription in defense to a claim on the obligation is itself property that cannot be taken from him").
Given our prior jurisprudence and the civilian teachings, I would squarely hold that the right to plead the peremptory exception of prescription is a vested right. It follows that the well-settled rule that amendments to proceduralprescriptionstatutes are not retroactively applied when to do so would divest vested rights applies here.
Accordingly, I agree with the result reached by the majority that the amendment in question should not be applied retroactively to revive an already prescribed cause of action, although I would reach that result by a different analysis.
NOTES
[*] Pursuant to Rule IV, Part 2, § 3, Kimball, J. was not on the panel which heard and decided this case. See the footnote in State v. Barras, 615 So.2d 285 (La.1993). Judge Charles A. Marvin, Chief Judge, Court of Appeal, Second Circuit, sitting in place of Justice James L. Dennis.
[1] Amended article 3492 reads as follows:

Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained. It does not run against minors or interdicts in actions involving permanent disability and brought pursuant to the Louisiana Products Liability Act or state law governing product liability actions in effect at the time of the injury or damage.
[2] 624 So.2d 23 (La.App. 3d Cir.1993).
[3] 93-2582 (La.1994); 631 So.2d 432.
[4] Judge Cardozo, writing for the Court of Appeals of New York, made the following observation when faced with this issue:

Revival is an extreme exercise of legislative power. The will to work it is not deduced from words of doubtful meaning. Uncertainties are resolved against consequences so drastic.
Hopkins v. Lincoln Trust Co., 233 N.Y. 213, 135 N.E. 267, 267 (1912).
[5] See, e.g., La.R.S. 9:5811 ("changes in the action... are hereby made retroactive in application"); 9:5625 (giving one year from the effective date of the act for parties to bring an action that is otherwise prescribed); 9:5630 (providing that the section applies retrospectively).
[6] Having found the required intent absent here, we do not reach the issue of whether the legislature has the authority to revive prescribed causes of action. Central to this determination is whether the right to plead the defense of prescription is a constitutionally vested right. Whether the right is vested or not, the result reached in this case would be the same, i.e. Honda's exception of prescription would be maintained. We will adhere to the well established principle that a court should not rule on the constitutionality of legislation unless it is necessary for the resolution of the matter before it. White v. West Carroll Hospital, Inc., 613 So.2d 150, 157 (La.1992).