| iBARRY, Judge.
The State of Louisiana filed a rule to make child support arrearages executory. The trial court held that the claim for payments more than five years in arrears prescribed. The court awarded $13,000 for five years of past due child support. The state argues that the action is subject to a ten year libera-tive prescription and therefore the trial court should have awarded $31,061.21.
We hold that the legislative enactment of the ten year prescriptive period cannot be retroactively applied to revive a claim that prescribed before its enactment. However, because the record does not show whether the state’s claim prescribed, we vacate the judgment to the extent that it disallowed the claim for arrearages greater than five years and we remand.

Facts

Deborah Alciatore and Leon Brinkman were divorced. A December 3, 1984 judgment awarded custody of their minor child to Mrs. Brinkman and ordered Mr. Brinkman to pay $50 per week for child support beginning Thursday, July 19,1984.
RThe state filed a rule for contempt on September 4, 1997. At the hearing, counsel for Mr. Brinkman stipulated that he was five years in arrears. The state introduced into evidence (over the objection of counsel for Mr. Brinkman) an unsigned, unnotarized log that showed Mr. Brinkman’s last payment was August 1988. Counsel for the state testified that no payment was received through the state from 1992 to the present. Mrs. Brinkman testified that Mr. Brinkman last made a payment sometime in 1992, but she did not specify the date.[1]
The appeal record does not contain an exception of prescription, which must be specially pleaded. La.C.C.P. art. 927(B). Prescription was argued at the hearing, and the *682 trial court held that the claim for payments more than five years past due prescribed.

Analysis

Prior to July 3, 1997, an action for arrear-ages of child support payments prescribed in five years. La.C.C. art. 3497.1 (1994) (amended 1997). Acts 1997, No. 605, § 1, effective July 3, 1997, enacted La.C.C. art. 3501.1:
An action to make'executory arrearages of child support is subject to a liberative prescription of ten years.
No published case addresses whether Art. 3501.1 is retroactive.
A prescriptive period is generally treated as procedural and applied retroactively. Cameron Parish School Bd. v. Acands, Inc., 96-0895, p. 8 (La.1/14/97), 687 So.2d 84, 89; Chance v. American Honda Motor Company, Inc., 93-2582 (La.4/11/94), 635 So.2d 177, 178. However, when the claim has prescribed, the defendant acquires the right to plead the exception of prescription, and a change in that right constitutes a substantive change in the law as applied to the defendant. Cameron Parish School Bd., 687 So.2d at 89; Chance, 635 So.2d at |3178.[2] Thus, “(t)he revival of an already prescribed claim presents additional concerns ...” Cameron Parish School Bd., 687 So.2d at 89; Chance, 635 So.2d at 178. Absent a clear and unequivocal expression of legislative intent to apply a prescriptive statute to revive a cause of action, the Supreme Court declined to retroactively apply the statute or address the legislature’s authority to revive a cause of action. See Chance, supra.
La.C.C. art. 3501.1 does not indicate legislative intent to apply the prescriptive period to revive a cause of action that already prescribed.
A support payment made pursuant to the judgment ordering support interrupts prescription, which commences to run after the last payment made pursuant to that judgment. Copper v. Copper, 93-1438, p. 3 (La. App. 3 Cir. 6/1/94), 640 So.2d 737, 739, writ den. 94-1785 (La.10/7/94), 645 So.2d 211.
Because the evidence concerning the date of Mr. Brinkman’s last payment is not definitive, this Court cannot determine whether prescription was interrupted for arrearages over five years and whether that claim prescribed before the enactment of Art. 3501.1. Mrs. Brinkman testified that his last payment was in 1992, but she did not specify the month. There is no definitive, competent documentary evidence.
Accordingly, we vacate the judgment insofar as it disallowed payments over five years. We remand for the trial court to determine the date of the last payment and whether the claim for arrearages beyond five years prescribed.

JUDGMENT VACATED IN PART; REMANDED.

. We refer to Deborah Alciatore as "Mrs. Brink-man” in the interest of consistency and clarity. However, we acknowledge her testimony that she no longer uses the Brinkman name.

. Justice Hall, joined by Chief Justice Calogero, concurred, stating that the amendment to a prescriptive statute is procedural despite that applying it may retroactively upset a vested right. "Louisiana courts have consistently dealt with (that) problem by applying a well-settled exception to the general rule that amendments to procedural laws are retroactively applied; under that exception, even amendments to procedural laws are not retroactively applied if doing so would unconstitutionally disturb vested rights.” Chance, 635 So.2d at 180 (Justice Hall concurring).