STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-155


BEN WILLIAM MEAUX

VERSUS

LEONARD GUIDRY



**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20134400
HONORABLE GLENNON P. EVERETT, DISTRICT JUDGE

**********

**SHANNON J. GREMILLION**
**JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Billy Howard Ezell, and Shannon J. Gremillion, Judges.


**AFFIRMED.**



**Ike Huval**
**Duhon Law Firm**
**P. O. Box 52566**
**Lafayette, LA 70505**
**(337) 237-9868**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Leonard Guidry**

**Ashley W. Phillips**
**The Phillips Law Firm LLC**
**1538 W. Pinhook, Suite 102**
**Lafayette, LA 70503**
**(337) 412-6248**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Ben William Meaux**

**GREMILLION, Judge.**

Plaintiff, Ben William Meaux, appeals the trial court's judgment granting exceptions of preemption and no right of action in favor of defendant, Leonard Guidry.[1] For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Meaux, born August 25, 1980, filed a petition to establish paternity and motion and order for paternity testing on September 3, 2013, seeking to establish the paternity of Guidry. Meaux alleged that Guidry and his mother, Tammy Broussard, consummated their relationship but never married. Meaux was later adopted by Huey Meaux, who is deceased.

On September 19, 2013, Guidry filed an exception of peremption and no right of action. Following an October 2013 hearing, the trial court granted Guidry's exceptions of peremption and no right of action and dismissed Meaux's action. Meaux now appeals.

### ASSIGNMENTS OF ERROR

1. The trial court erred in sustaining the Defendant's exception of prematurity as the exception of prematurity was not pled and evidence was not introduced in support of the exception.[2]

2. The trial court erred in sustaining the Defendant's exception of no right of action, as Defendant-Appellant did not carry his burden and evidence was not introduced that warranted the granting of the exception of no right of action.

---

[1]Guidry notes in his brief that he erroneously used the word "prematurity" instead of "peremption" when preparing the judgment for the trial court. He notes that all counsel and the trial court understood that the issue was whether Meaux's claim was perempted, not premature. After review of the record, we agree and review the issue of peremption and not prematurity. We further grant Guidry's request to correct the typographical error in the judgment pursuant to our authority under La.Code Civ.P. art. 2164.

[2] We will not address this assignment of error as it is based on a typographical error as noted above.

3. The trial court erred in sustaining the Defendant's exception of [peremption] and no right of action, as the court's ruling directly conflicts with La. C.C. art. 197, as the article is clear and unambiguous as written and its application does not result in absurd consequences, pursuant to La. C.C. art. 9.

4. The trial court erred in sustaining the Defendant's exceptions of [peremption] and no right of action, as the court's ruling directly conflicts with the legislative intent and public policy concerns which led to the revision of former La.C.C. art. 209, as evidenced by comment (e) of La. C.C. art. 197.

5. The trial court erred in apply La. C.C. art. 197 prospectively and not retroactively.

## DISCUSSION

The sum of Meaux's assignments of error is that La.Civ.Code art. 197 grants him a right of action against Guidry. Louisiana Civil Code Article 197 was enacted in 2005, and replaced La.Civ.Code art. 209.

Louisiana Civil Code Article 197 states:

A child may institute an action to prove paternity even though he is presumed to be the child of another man. If the action is instituted after the death of the alleged father, a child shall prove paternity by clear and convincing evidence.

For purposes of succession only, this action is subject to a peremptive period of one year. This peremptive period commences to run from the day of the death of the alleged father.

Louisiana Civil Code Article 209 required that a paternity action be brought with nineteen years of the child's birth, or within one year of the death of the alleged parent, whichever comes first. Comment (e) to La.Civ.Code art. 197 states that this "was a harsh result not justified by any policy consideration." Louisiana Civil Code Article 197 substantively changed the law, providing for no time limit in filing a paternity action, except in the case of successions.

This court and others have addressed the retroactive application of La.Civ. Code art. 197 to revive a paternity action that has prescribed. In sum, because the

2

change in the law is a substantive change affecting a defendant's right to plead peremption that would defeat the plaintiff's claim, La.Civ.Code art. 197 applies prospectively only. *Succession of McKay, Jr.*, 05-603 (La.App. 3 Cir. 2/1/06), 921 So.2d 1219, *writ denied*, 06-504 (La. 6/2/06), 929 So.2d 1252; *Thomas v. Roberts*, 47,411 (La.App. 2 Cir. 9/26/12), 106 So.3d 557. Louisiana Civil Code Article 209 was peremptive, meaning that once the time period has passed, a cause of action has been extinguished and the party relying on the peremptive defense has a vested right that is substantive in nature. *Id.*

In *Succession of McKay*, the plaintiffs, one who was fifty-four years old and one who was thirty-six years old, filed an action to establish paternity for succession purposes. A panel of this court stated:

> The enactment of Article 197 obviously changes the law in that a paternity action no longer has to be instituted within nineteen years of the child's birth or within one year from the parent's death, whichever occurred first. There is a time limit of one year from the parent's death for succession purposes. Now, regardless of age, the child has one year from his father's death to institute the action. *See* comments (e) and (f) to Article 197. The effective date of [the enactment of Article 197] was June 29, 2005.
>
> . . . .
>
> Since [the plaintiff's] claims have already prescribed, the issue is whether the passage of Article 197 revived their prescribed claims. The supreme court addressed the issues of revival of prescribed claims by the legislature in *Chance v. American Honda Motor Co., Inc.*, 93-2582 (La. 4/11/94), 635 So.2d 177. Explaining the issue the supreme court stated:
>
>> Although prescriptive statutes are generally procedural in nature, the revival of an already prescribed claim presents additional concerns. For while the defendant does not acquire anything during the running of the prescriptive period, once the time period has elapsed, the legislature grants the defendant the right to plead the exception of prescription in order to defeat the plaintiff's claim. La.Code Civ.P. arts. 927 & 934. Because the defendant acquires the right to plead the exception of prescription, a

3

change in that right constitutes a substantive change in the law as applied to the defendant. *See St. Paul Fire & Marine Ins. Co. v. Smith*, 609 So.2d 809, 817 (La. 1992)("Substantive laws either establish new rules, rights, and duties or change existing ones."); *Thomassie v. Savoie*, 581 So.2d 1031, 1034 (La.App. 1st Cir. 1991), ("[I]f a statute which is remedial or procedural also has the effect of making a change in the substantive law, it must be construed to operate prospectively only."). Thus, were we to interpret the amendment at issue to allow the revival of prescribed causes of action, the substantive rights of the defendant would be materially changed because he would be stripped of this acquired defense. Guided by the principles established in [La.Civ.Code] article 6, we require, at the very least, a clear and unequivocal expression of intent by the legislature for such an "extreme exercise of legislative power."

[], 2005 La.Acts No. 192 § 3, provides that "[t]he provisions of this Act shall be applicable to all claims existing or actions pending on its effective date and all claims arising or actions filed on and after its effective date." We find no "clear and unequivocal" expression by the legislature that Article 197 revives filiation claims which have already prescribed. It is clear that the intent of the legislature was to ensure that the provisions of the Act applied to causes of actions that had not prescribed but were existing or already in litigation on June 29, 2005, the effective date of the Act. We, therefore, find that Article 197 is not applicable to these already-prescribed claims.

*McKay*, 921 So.2d at 1222-23 (footnote omitted).

Meaux argues that this situation is different because Guidry is not deceased.

We disagree. The same result was reached in *Thomas*, 106 So.3d 557, where the

alleged father was not deceased. Meaux argues that Guidry failed to produce

evidence of Meaux's date of birth at the hearing. However, Meaux's own petition

admits his date of birth. While we agree with Meaux that the legislature clearly

intended to remove the nineteen-year peremptive period, that does not negate the

fact that the substantive rights of defendants under Article 209 were affected and,

therefore, the revision will not be retroactively applied. Under the former

La.Civ.Code art. 209, any claim that Meaux has to establish paternity against

4

Guidry was perempted the day after he attained the age of nineteen, August 26, 1999.

## CONCLUSION

The judgment in favor of the defendant, Leonard Guidry, granting his exceptions of peremption and no right of action, is affirmed. All costs of this appeal are assessed against the plaintiff, Ben William Meaux.

**AFFIRMED**.