# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 19-412


**MARCY ANDRE BARRAS**

**VERSUS**

**JASON O'ROURKE**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2017-4347
HONORABLE LILYNN ANNETTE CUTRER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## BILLY HOWARD EZELL
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Billy Howard Ezell, D. Kent Savoie, and Van H. Kyzar, Judges.


**REVERSED AND REMANDED.**

**William J. Cutrera**
**2380 Lake Street**
**Lake Charles, LA 70601**
**(337) 433-4903**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
  **Marcy Andre Barras**

**Shayna L. Sonnier**
**Hunter, Hunter & Sonnier**
**1807 Lake St.**
**Lake Charles, LA 70601**
**(337) 436-1600**
**COUNSEL FOR OTHER APPELLEE:**
  **D. O. (minor child)**

**Brad Guillory**
**Erin F. Hargrave**
**Health J. Dorsey**
**Law Office of Brad Guillory**
**940 Ryan St.**
**Lake Charles, LA 70601**
**(337) 433-5297**
**COUNSEL FOR DEFENDANT/APPELLANT:**
  **Jason O'Rourke**

**EZELL, Judge.**

Jason O'Rourke appeals the decision of the trial court below granting an exception of prescription in favor of Marcy Barras. For the following reasons, we reverse and remand for further proceedings.

Mr. O'Rourke and Ms. Barras had an intimate relationship during 2013. On July 30, 2014, a child was born, which Mr. O'Rourke believed to be his own. Under that belief, he executed a formal act of acknowledgment of the child and placed his name on the child's birth certificate. In October of 2017, Ms. Barras filed a petition for child support and to set custody. During the course of that litigation, Ms. Barras made comments which made Mr. O'Rourke begin to question his paternity of the child. He claims that in February of 2018, he purchased a home DNA kit which, showed he had a zero percent chance of having fathered the child. He then sought to annul his acknowledgement of paternity, filing a mistitled "Petition to Disavow Paternity." Ms. Barras filed an exception of prescription, citing a prior version of La.R.S. 9:406 in effect at the time of acknowledgement and claiming that Mr. O'Rourke had not sought to annul the acknowledgement within two years of making it. The trial court agreed and granted the exception. From that decision, Mr. O'Rourke appeals.

On appeal, Mr. O'Rourke asserts two assignments of error. He claims that the trial court erred in granting the exception of prescription in violation of the statutory language of La.R.S. 9:406, and that the trial court erred in failing to conduct an evidentiary hearing when he had alleged his act of acknowledgement was based on having been fraudulently misled about the paternity of the child. Because we agree with Mr. O'Rourke's first assignment of error, we need not discuss his second.

A judgment granting a peremptory exception is generally reviewed de novo, as the exception raises a legal question. *Scott v. Zaheri*, 14-726 (La.App. 4 Cir. 12/3/14), 157 So.3d 779. Likewise, "[i]n a case involving no dispute regarding material facts, but only the determination of a legal issue, a reviewing court must apply the *de novo* standard of review, under which the trial court's legal conclusions are not entitled to deference." *TCC Contractors, Inc. v. Hosp. Serv. Dist. No. 3 of Parish of Lafourche*, 10-685, 10-686, p. 8 (La.App. 1 Cir. 12/8/10), 52 So.3d 1103, 1108 (citing *Kevin Assocs., L.L.C. v. Crawford*, 03-211 (La. 1/30/04), 865 So.2d 34). When no evidence is introduced at the hearing on an exception of prescription, "the reviewing court simply determines whether the trial court's finding was legally correct." *Dugas v. Bayou Teche Water Works*, 10-1211, pp. 4-5 (La.App. 3 Cir. 4/6/11), 61 So.3d 826, 830; *Bulliard v. City of St. Martinville*, 14-140 (La.App. 3 Cir. 6/4/14), 139 So.3d 1269, *writ denied*, 14-1455 (La. 10/10/14), 151 So.3d 586. "The standard controlling our review of a peremptory exception of prescription also requires that we strictly construe the statutes against prescription and in favor of the claim that is said to be extinguished." *Jones v. Sewerage and Water Bd. of New Orleans*, 16-691, p. 3 (La.App. 4 Cir. 3/8/17), 213 So.3d 497, 499 (quoting *Felix v. Safeway Ins. Co.*, 15-701, p. 6 (La.App. 4 Cir. 12/16/15), 183 So.3d 627, 631).

Here, Mr. O'Rourke seeks to annul an acknowledgement of paternity under La.R.S. 9:406. That statute currently reads in pertinent part:

> B. (1) If the notarial act of acknowledgment has not been revoked within sixty days in accordance with the provisions of Subsection A of this Section, a person who executed an authentic act of acknowledgment may petition the court to annul the acknowledgment only upon proof, by clear and convincing evidence, that such act was induced by fraud, duress, material mistake of fact or error, or that the person is not the biological parent of the child.

Under the prior version of the law, which was in effect at the time Mr. O'Rourke made his acknowledgement, an action to annul an acknowledgement of paternity had to be made within a two-year period commencing with the execution of the act. Therefore, the issue before us is whether La.R.S. 9:406(B)(1) is to be applied prospectively only, rendering Mr. O'Rourke's claim prescribed, or retroactively, allowing his action to continue.

Louisiana Civil Code Article 6 provides the framework from which statutes are to be interpreted: "In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretive laws apply both prospectively and retroactively, unless there is legislative expression to the contrary."

In *Chance v. American Honda Motor Co., Inc.*, 93-2582 (La. 4/11/94), 635 So.2d 177, the Louisiana Supreme Court established the test for determining whether the legislature intended for a statute to revive prescribed causes of action. In *Chance*, the court acknowledged the well-established principle of statutory construction that "prescriptive periods relate to the remedy and are therefore treated as procedural laws and applied retroactively." *Id*. at 178 (citing *Lott v. Haley*, 370 So.2d 521 (La.1979)). The *Chance* court then noted that "the revival of an already prescribed claim presents additional concerns" because a change in the right to plead prescription, once acquired, "constitutes a substantive change in the law as applied to the defendant," who would have lost the ability to claim prescription. *Id.*

Using the principles established in La.Civ.Code art. 6, the *Chance* court, in characterizing the legislative revival of prescribed causes of action as "an extreme exercise of legislative power," held that a clear and unequivocal expression of

3

intent by the legislature was needed before the court would interpret such a legislative intent behind a statute. *Chance*, 635 So.2d at 178 (quoting *Hopkins v. Lincoln Trust Co.*, 233 N.Y. 213, 135 N.E. 267, 267 (1912)). Finding no such clear expression of legislative intent in the amendment to the prescriptive statute at issue, the court in *Chance* declined to apply the amendment retroactively to revive an already prescribed cause of action. *Id.*

We agree with the *Chance* court that prescriptive periods are generally treated as procedural laws and applied retroactively. However, we find *Chance* to be distinguishable from the case at hand. Whereas the court in *Chance* found no expression of legislative intent to revive prescribed claims, here it is clear that the legislature was unequivocal in its reasoning behind the amendment to La.R.S. 9:406.

"Although the Official Revision Comments connected with statutes are not the law, they can be useful in determining legislative intent." *Cent. Prop. v. Fairway Gardenhomes, LLC*, 16-1855, 16-1946, p. 11 (La. 6/27/17), 225 So.3d 441, 448 (citing *Arabie v. CITGO Petroleum Corp.*, 10-2605 (La. 3/13/12), 89 So.3d 307). The legislative comments to the 2016 amendment of La.R.S. 9:406 state (emphasis ours):

> The 2016 revision repeals the two-year prescriptive period previously imposed for revocation of authentic acts of acknowledgment. That prescriptive period was illogical where the acknowledgment was executed by a man who was not the biological father of the child. The Louisiana Supreme Court has held the execution of such an acknowledgment to be an absolute nullity absent the requisite biological relationship supporting it. Succession of Robinson, 654 So. 2d 682 (La. 25 1995). **To speak of prescription when a father seeks a declaration of absolute nullity is inappropriate, as absolute nullities are imprescriptible by nature**. C.C. Art. 2032.

4

In *Succession of Robinson*, 94-2229, p. 4 (La. 5/22/95), 654 So.2d 682, 684, the supreme court stated that through acknowledgment, "the 'mother' or 'father' provides proof of maternal or paternal filiation, that is, biological parentage." That court further stated that "**[a]bsent a biological relationship, the avowal is null**. 'A fact cannot be avowed when it has never existed.' 1 Planiol, [Treatise on the Civil Law § 1476 (La.St.L.Inst. transl. 1959)], § 1490(2). If the acknowledgment is null, it produces no effects." *Id.* (emphasis ours). It is clear from the above legislative comment language that the legislature sought to codify that holding in *Robinson*.

The legislature was even more clear of its intent in stating that prescription is "inappropriate" in cases "where the acknowledgment was executed by a man who was not the biological father of the child," such as the one currently before this court, as the lack of a biological relationship with the child acknowledged creates an "absolute nullity," which the legislature declared "imprescriptible by nature." Official Comments to La.R.S. 9:406. In declaring prescription "illogical" in the case of a man who was deceived into acknowledging a child that was not biologically his own, it is clear that the legislature intended to completely remove prescription in these cases, and therefore, to apply the amendment retroactively to revive any already prescribed causes of action, as those actions are clearly and unequivocally deemed by the legislature to be "imprescriptible by nature." *Id.*[1]

It is clear that the legislature intended that the removal of the two-year prescription period for an annulment of an acknowledgement of paternity apply

---

[1] We further note, for the sake of thoroughness, that though Ms. Barras has lost her right to claim prescription under the current version of La.R.S. 9:406 against Mr. O'Rourke - a man who allegedly has a zero percent chance of truly being the father of her child - she has not lost her substantive right to seek child support from the child's actual biological father.

completely and, therefore, retroactively. Consequently, Mr. O'Rourke's petition to annul his acknowledgment has not prescribed under La.R.S. 9:406. As the trial court erred in granting Ms. Barras' exception of prescription, we hereby reverse the decision of the trial court and remand this matter for further proceedings. Costs of this appeal are hereby assessed against Ms. Barras.

**REVERSED AND REMANDED.**