STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2022 CA 0132

WILLIAM M. McKINLEY

VERSUS

SHERAUNTE' D. McKINLEY

Judgment Rendered: __SEP 1 6 2022__

* * * * * * *

On Appeal from the 21st Judicial District Court
In and for the Parish of Tangipahoa
State of Louisiana
Trial Court Docket Number 2020-0001243, Div. "K"

The Honorable Jeffery T. Oglesbee, Judge Presiding

* * * * * * *

DaShawn P. Hayes                    Counsel for Plaintiff/Appellant,
New Orleans, Louisiana              William M. McKinley


Douglas Brown                       Counsel for Defendant/Appellee,
Hammond, Louisiana                  Sheraunte' D. McKinley


* * * * *

**BEFORE: WELCH, PENZATO, AND LANIER, JJ.**

**PENZATO, J.**

Plaintiff, William McKinley, seeks reversal of a judgment sustaining an exception of prescription filed by defendant, Sheraunte' McKinley. For the following reasons, we reverse the judgment and remand to the trial court for further proceedings.

## FACTS AND PROCEDURAL HISTORY

On November 16, 2020, William McKinley filed a petition to annul acknowledgments of paternity of two minor children, Z.M. (born October 2, 2008) and M.M. (born August 4, 2010).[1] According to the petition, William married the children's mother, Sheraunte' McKinley, on July 16, 2016. The petition states that William formally acknowledged paternity of both children by authentic act but does not state the date the acts were executed. William alleged that DNA tests established zero probability of paternity between himself and the children. Nevertheless, he prayed for the court to order Sheraunte' and the children to submit to blood and tissue testing pursuant to La. R.S. 9:406(B)(3) and La. R.S. 9:396. Finally, he prayed for judgment annulling the acknowledgments of paternity of both children.

Sheraunte' asserted an exception of prescription in response to William's petition based on La. R.S. 9:406(B).[2] She alleged that the version of this statute in effect at the time of acknowledgment contained a prescriptive period that lapsed.

Trial on the exception took place on May 24, 2021. DNA test reports admitted into evidence show a zero percent probability that William is the

---

[1] Pursuant to Uniform Rules - Courts of Appeal, Rule 5-2, initials are used to ensure the confidentiality of the minors.

[2] Since the exception of prescription was based solely on La. R.S. 9:406(B), no other statutory prescriptive periods are at issue, and this court may not raise prescription *sua sponte*. La. C.C.P. art. 927(B). Sheraunte' also asserted exceptions of peremption, vagueness, nonjoinder of necessary parties (the children), no right of action, and no cause of action, which are not at issue in this appeal.

biological father of either child. An acknowledgement of paternity of Z.M., dated June 19, 2012, was admitted into evidence.[3] Concerning M.M., testimony established that William signed the child's birth certificate, which was not admitted into evidence. He did not execute an authentic act acknowledging paternity of M.M.

After taking the matter under advisement and allowing post-trial briefs, the trial court rendered judgment on September 16, 2021, sustaining the exception of prescription filed by Sheraunte' and dismissing William's petition to annul acknowledgments of paternity.

William filed the instant appeal, seeking to reverse this judgment. William asserts that the trial court erred by sustaining the exception because the 2016 revision of La. R.S. 9:406(B) removed the two-year prescriptive period to file a petition to annul acknowledgment of paternity and the undisputed evidence established that he is not the biological father of Z.M. or M.M.

## DISCUSSION

The issue raised by the appellant concerns the appropriate interpretation and application of La. R.S. 9:406(B). Where the issue of prescription turns upon the proper application and interpretation of statutory law, the exception presents a question of law for appellate review. Questions of law are reviewed *de novo*, with the judgment rendered on the record, without deference to the legal conclusions of the tribunal below. *Newton v. St. Tammany Fire District No. 12*, 2020-0797 (La. App. 1st Cir. 2/19/21), 318 So.3d 206, 210.

---

[3] Although the acknowledgement of paternity of Z.M. purports to bear signatures from both William and Sheraunte', William testified that he did not sign the acknowledgment. Sheraunte' testified that he did. William did not challenge the validity of the acknowledgment in his petition and the issue is not before us on appeal. Therefore, for purposes of this opinion, we presume the authentic act is valid. We also note that, to the extent William signed the acknowledgment, he did so knowing that Z.M. was not his biological child. Both William and Sheraunte' testified that Z.M. was born before they met.

3

As an initial matter, we note that La. R.S. 9:406 sets forth the procedure to revoke or annul an authentic act acknowledging paternity. In 2010, at the time M.M. was born, La. C.C. art. 195 provided that a man who marries the mother of a child not filiated to another man who, with the concurrence of the mother, acknowledges the child by authentic act *or by signing the birth certificate* is presumed to be the father of the child. The undisputed evidence established that William acknowledged M.M. by signing the child's birth certificate, not by executing an authentic act of acknowledgment. There being no authentic act, La. R.S. 9:406 does not apply to proceedings related to M.M., and the trial court legally erred in finding otherwise.[4]

Since the record contains an authentic act of acknowledgment of paternity of Z.M., we consider the issue raised by the appellant – whether the two-year prescriptive period set forth in La. R.S. 9:406(B) was retroactively repealed in 2016 such that William's action to annul is not prescribed.

In 2012, when the authentic act of paternity of Z.M. was executed, La. R.S. 9:406(A) pertinently provided that a person who executed an authentic act of acknowledgment may, without cause, revoke it within sixty days of the execution of the authentic act of acknowledgment. If this was not done, La. R.S. 9:406(B)(1) provided that a person who executed an authentic act of acknowledgment may petition the court to revoke such acknowledgment only upon proof, by clear and convincing evidence, that such act was induced by fraud, duress, material mistake of fact or error, or that the person is not the biological parent of the child. Pertinently, La. R.S. 9:406(B)(2) stated,

> The mover shall institute the proceeding by ordinary process, within a two-year period commencing with the execution of the authentic act of acknowledgment of paternity, in a court of competent jurisdiction upon notice to the other party who executed the notarial act of

---

[4] *See State ex rel. A.L.*, 2009-1565 (La. App. 3d Cir. 4/7/10), 34 So.3d 416, 419, *writ denied*, 2010-1017 (La. 5/28/10), 36 So.3d 256, recognizing the legal distinction between acknowledgment by signing the birth certificate and by executing an authentic act.

acknowledgment and other necessary parties including the office of children and family services, child support enforcement section of the Department of Children and Family Services.

Louisiana Revised Statutes 9:406(A) and (B)(1) substantively remained the same following the 2016 revision, allowing revocation within sixty days or, otherwise, upon clear and convincing evidence that the person who executed the acknowledgment is not the biological parent of the child. However, the two-year prescriptive period was removed from La. R.S. 9:406(B)(2), which now states:

> The petitioner shall institute the annulment proceeding by ordinary process in a court of competent jurisdiction upon notice to the other party who executed the notarial act of acknowledgment and other necessary parties including the office of children and family services, child support enforcement section of the Department of Children and Family Services.[5]

On appeal, William argues that the 2016 revision applies retroactively such that his action to annul is not prescribed. He cites *Barras v. O'Rourke*, 2019-412 (La. App. 3d Cir. 12/18/19), 287 So.3d 817, wherein the Third Circuit Court of Appeal considered the issue now before us and held that the 2016 amendment to La. R.S. 9:406(B) applies retroactively. The *Barras* court relied on the analysis set forth in *Chance v. American Honda Motor Co., Inc.*, 93-2582 (La. 4/11/94), 635 So.2d 177, 178, wherein the Louisiana Supreme Court considered whether an amendment to a prescriptive period applied retroactively to revive an already prescribed cause of action. *Chance* recognized that, once the defendant acquires the right to plead the exception of prescription, a change in that right constitutes a substantive change in the law as applied to the defendant. *Chance*, 635 So.2d at 178. Although prescriptive periods are typically treated as procedural laws and are applied retroactively, if a statute that is procedural also has the effect of making a change in the substantive law, it must be construed to operate prospectively only, absent a "clear and unequivocal expression" of legislative intent to "revive

---

[5] 2016 La. Acts, No. 309, §2, eff. August 1, 2016.

prescribed claims." La. C.C. art. 6;[6] *Chance*, 635 So.2d at 178-79.

The *Barras* court found that the 2016 Official Revision Comments associated with La. R.S. 9:406 reflected "clear and unequivocal" legislative intent to retroactively repeal the two-year prescriptive period. *Barras*, 287 So.3d at 820. Although the comments are not the law, they can be useful in determining legislative intent. *Succession of Bradley*, 2021-01159 (La. 3/25/22), 339 So.3d 608, 613.

The 2016 Official Revision Comments to La. R.S. 9:406 state:

> The 2016 revision repeals the two-year prescriptive period previously imposed for revocation of authentic acts of acknowledgment. That prescriptive period was illogical where the acknowledgment was executed by a man who was not the biological father of the child. The Louisiana Supreme Court has held the execution of such an acknowledgment to be an absolute nullity absent the requisite biological relationship supporting it. Succession of Robinson, 654 So. 2d 682 (La. 25 1995). To speak of prescription when a father seeks a declaration of absolute nullity is inappropriate, as absolute nullities are imprescriptible by nature. C.C. Art. 2032.

In *Succession of Robinson*, 94-2229, (La. 5/22/95), 654 So.2d 682, 684, the Louisiana Supreme Court stated that, absent a biological relationship, an avowal is null. "A fact cannot be avowed when it has never existed." *Id.*, *citing* 1 Planiol, Treatise on the Civil Law § 1490(2). Therefore, if the acknowledgment is null, it produces no effects. *Id.*

We agree with the conclusion reached in *Barras* that, through the 2016 amendment to La. R.S. 9:406(B), the legislature sought to codify this holding in *Robinson*, in recognition of well-settled law that an absolute nullity is not subject to prescription. La. C.C. art. 2032; *Barras*, 287 So.3d at 820. The legislature's

---

[6] Louisiana Civil Code article 6 states, "In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretative laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary." Louisiana Revised Statutes 1:2 reiterates, "No section of the Revised Statutes is retroactive unless it is expressly so stated." The jurisprudence has consistently regarded these two provisions as co-extensive, with La R.S. 1:2 being construed to apply only to substantive and not procedural or interpretative legislation. *Church Mutual Ins. Co. v. Dardar*, 2013-2351 (La. 5/7/14), 145 So.3d 271, 279, n.9.

express finding that, in this instance, prescription is "illogical" and "inappropriate," applies equally to absolutely null acknowledgements executed prior to the 2016 amendment. *See* 2016 Official Revision Comments to La. R.S. 9:406. Thus, we likewise find the legislature intended to retroactively remove the two-year prescriptive period.

Additionally, La. R.S. 9:392 sets forth the procedural requirements for the execution of an authentic act of acknowledgment of paternity. Under this statute, there is no prescriptive period for filing an action to void an authentic act of acknowledgment when the father is not the biological father. La. R.S. 9:392(A)(7)(b); *Faucheux v. Faucheux*, 00-20 (La. App. 5th Cir. 10/31/00), 772 So.2d 237, 239. Retroactively repealing the two-year prescriptive period from La. R.S. 9:406(B) made this statute consistent with La. R.S. 9:392(A)(7)(b), which was in effect in 2016. *See Kocher v. Truth in Politics, Inc.*, 2020-01153 (La. 12/22/20), 307 So.3d 182, 184 (The legislature is presumed to have acted with deliberation and to have enacted a statute in light of the preceding statutes involving the same subject matter.).

Based on the record before us, we conclude that William's action to annul the authentic act of acknowledgment of paternity of Z.M. is not prescribed pursuant to La. R.S. 9:406(B). The trial court erred in sustaining the exception of prescription filed by Sheraunte'.

## CONCLUSION

For the foregoing reasons, the September 16, 2021 judgment sustaining the exception of prescription filed by Sheraunte' McKinley is reversed. This matter is remanded to the trial court for further proceedings. Costs of this appeal are assessed against Sheraunte' McKinley.

**REVERSED AND REMANDED.**