Esposito v Isaac (2025 NY Slip Op 04231)

Esposito v Isaac

2025 NY Slip Op 04231

Decided on July 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2024-04983
 (Index No. 900010/23)

[*1]Luisa C. Esposito, appellant,
v
Allen H. Isaac, respondent.

Luisa Castagna Esposito, named herein as Luisa C. Esposito,West Hempstead, NY, appellant pro se.
Gordon Rees Scully Mansukhani, LLP, New York, NY (Kuuku Minnah-Donkoh of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Lisa A. Cairo, J.), entered May 3, 2024. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint is denied.
In October 2023, the plaintiff commenced this action against the defendant pursuant to the Adult Survivors Act (ASA) (CPL 214-j), asserting causes of action to recover damages resulting from alleged acts of sexual assault committed against her in 2005. The defendant moved pursuant to CPLR 3211(a) to dismiss the complaint on the grounds that the causes of action were time-barred (see id. § 215[3]) and that CPLR 214-j could not be used to revive the untimely causes of action because she previously commenced a timely action based on the same conduct that had been dismissed for lack of personal jurisdiction. The prior action had been commenced in 2006 against, among others, the defendant. By decision and order dated December 8, 2009, the Appellate Division, First Department, inter alia, directed dismissal of the complaint insofar as asserted against the defendant (see Esposito v Isaac, 68 AD3d 483). In an order entered May 3, 2024, the Supreme Court granted the defendant's motion, determining that CPLR 214-j did not revive causes of actions that had previously been dismissed for lack of personal jurisdiction. The plaintiff appeals.
The Supreme Court erred in granting the defendant's motion. CPLR 214-j, enacted as part of the ASA and effective May 24, 2022, opened a revival window during which adult victims of sexual abuse could assert civil claims or causes of action against their abusers for acts committed against them when they were 18 years or older that would otherwise be time-barred (see id.). CPLR 214-j provides, inter alia, that "every civil claim or cause of action brought against any party alleging intentional or negligent acts or omissions by a person for physical, psychological, or other injury or condition suffered as a result of conduct which would constitute a sexual offense . . . committed against such person who was eighteen years of age or older . . . which is barred as of the effective date of this section because the applicable period of limitation has expired, and/or the plaintiff previously failed to file a notice of claim or a notice of intention to file a claim, is hereby revived." [*2]CPLR 214-j further provides that, "[i]n any such claim or action, dismissal of a previous action, ordered before the effective date of this section, on grounds that such previous action was time barred, and/or for failure of a party to file a notice of claim or a notice of intention to file a claim, shall not be grounds for dismissal of a revival action pursuant to this section."
Whether CPLR 214-j permits revival of an action that had previously been dismissed for lack of personal jurisdiction begins with reference to longstanding rules of statutory interpretation. "'The primary consideration of courts in interpreting a statute is to ascertain and give effect to the intention of the Legislature'" (Anonymous v Castagnola, 210 AD3d 940, 942 [internal quotation marks omitted], quoting People v Galindo, 38 NY3d 199, 203; accord North Shore Cent. Sch. Dist. v Glen Cove City Sch. Dist., 236 AD3d 806, 811). "'As the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof'" (North Shore Cent. Sch. Dist. v Glen Cove City Sch. Dist., 236 AD3d at 811-812 [internal quotation marks omitted], quoting Anonymous v Castagnola, 210 AD3d at 942; see Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583). "Special laws that revive causes of action are extreme example[s] of legislative power and are narrowly construed" (In re Agent Orange Prod. Liab. Litig., 597 F Supp 740, 815 [ED NY], affd 818 F2d 145 [2d Cir] [internal quotation marks omitted]; see Hopkins v Lincoln Trust Co., 233 NY 213, 215; Anonymous v Castagnola, 210 AD3d at 942).
Here, CPLR 214-j, even when narrowly construed, contains no prohibition against reviving the plaintiff's causes of action under the circumstances presented. The plain language of CPLR 214-j provides that it revives "every civil claim or cause of action" alleging the subject conduct "which is barred . . . because the applicable period of limitation has expired" (emphasis added). The use of the word "every" in describing such claims or causes of action imports no limitation and evidences the Legislature's intent for revival to apply to all claims and causes of action that would otherwise be barred on statute of limitations grounds (see Lynch v City of New York, 35 NY3d 517, 523; Prego v City of New York, 147 AD2d 165, 170).
Moreover, contrary to the defendant's construction, the statutory language expressly including revival of actions that had previously been dismissed as "time barred, and/or for failure of a party to file a notice of claim or a notice of intention to file a claim" does not evidence the Legislature's intent to exclude all other previously-dismissed actions from revival. Had the Legislature intended for such a blanket exclusion to apply, it would have stated so with its words (see Fossella v Adams, 225 AD3d 98,122, mod ____ NY3d ____, 2025 NY Slip Op 01668; Prego v City of New York, 147 AD2d at 170). Of course, "[w]here the legislature has addressed a subject and provided specific exceptions to a general rule . . . the maxim expressio unius est exlusio alterius applies (see McKinney's Cons Laws of NY, Book 1, Statutes § 240 at 412-413 ['where a statute creates provisos or exceptions as to certain matters the inclusion of such provisos or exceptions is generally considered to deny the existence of others not mentioned']" (Kimmel v State of New York, 29 NY3d 386, 394). Here, however, the statute's language expressly permitting revival of such previously-dismissed causes of actions does not create a proviso or exception to the general rule allowing for revival of "every" claim or action that would otherwise be barred on statute of limitations grounds. An action that was previously dismissed as time-barred, for example, would be barred on res judicata grounds (see e.g. Sciangula v Montegut, 165 AD3d 1188, 1190) and, therefore, outside the ambit of CPLR 214-j in the absence of this express statutory language stating otherwise.
Further, a construction that allows revival of the plaintiff's causes of action is consistent with the legislative intent behind the ASA. The Legislature intended for the ASA to greatly expand a victim's ability to seek redress against his or her abusers in court. The Sponsor's Memorandum explained that the ASA, as well as the Child Victims Act (CPLR 214-g), "were predicated on the widespread recognition that New York's existing statutes of limitations were insufficient in giving survivors of these heinous crimes enough time to pursue justice through criminal charges or filing a civil lawsuit. . . . Those who have had justice denied them as a result of New York's formerly insufficient statutes of limitations should be given the opportunity to seek civil redress against their abuser or their abuser's enablers in a court of law" (Senate Introducer's Mem [*3]in Support, Bill Jacket, L 2022, ch 203 at 7). During the Assembly Debate, the Assembly Sponsor of the ASA explained the decision to reopen the statute of limitations was because "the statute of limitations was short [and victims] deserve the right to go back to court to seek justice" (NY Assembly Debate on 2022 NY Senate Bill S66-A, May 23, 2022 [Assembly Debate Tr] at 27). Thus, by allowing revival of the plaintiff's causes of action under CPLR 214-j, the plaintiff may once again seek civil redress for her injuries in a court of law without the hindrance of the "insufficient" limitations period previously provided by CPLR 215(3).
The defendant correctly points out that, in enacting the ASA, the Legislature recognized that victims of sexual assault suffer a "special kind of trauma" that "take[s] time to process," and "cannot bring their action in time for the deadline in the statute of limitations" (see Assembly Debate Tr at 27). Indeed, the ASA has been found to address the "injustice" that "even adult victims of sexual abuse too often have no legal remedies because they suppress memories of their abuse or they are afraid to come forward until it is too late to sue" (Carroll v Trump, 650 F Supp 3d 213, 223 [SD NY] [alteration and internal quotation marks omitted]). However, contrary to the defendant's contention, this does not mean that any victim who was previously able to timely commence an action should not be afforded the benefit of revival. The imposition of a distinction between those who had previously timely commenced an action that was dismissed and could not thereafter be recommenced solely because such action would be time-barred, and those who failed to wholly commence an action in the first instance, would improperly exclude the plaintiff from the ambit of CPLR 214-j based on an artificial distinction unsupported by either the plain language of the statute or its legislative purpose (see Prego v City of New York, 147 AD2d at 183).
Accordingly, the Supreme Court should have denied the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
IANNACCI, J.P., WOOTEN, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court